**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4390

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JAMES ARTHUR ACKLIN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.   James C. Dever III, Chief District Judge.  (4:12-cr-00025-D-1)

Submitted:  February 21, 2014       Decided:  February 27, 2014

Before GREGORY, AGEE, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James A. Acklin appeals from the forty-six-month sentence imposed after he pleaded guilty to knowingly failing to register as required by the Sex Offender Registration and Notification Act (SORNA), in violation of 18 U.S.C. § 2250 (2012). Acklin argues that his sentence is procedurally and substantively unreasonable. Specifically, Acklin contends that the district court erred in departing upward under U.S. Sentencing Guidelines Manual (USSG) § 4A1.3 (2012) without acknowledging that departures above criminal history VI are disfavored and in imposing a sentence that relied too heavily on the number of his criminal convictions instead of their severity. Acklin also argues that the court erred in calculating his term of supervised release. We affirm the term of imprisonment portion of the sentence, vacate the portion of the judgment imposing supervised release, and remand for further consideration of the supervised release term.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In reviewing any

2

sentence outside the Guidelines range, the appellate court must give due deference to the sentencing court's decision because it has "flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011). "[A] major departure should be supported by a more significant justification than a minor one." Gall, 552 U.S. at 50.

The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the

3

properly-calculated Guidelines range, this court applies a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Pursuant to USSG § 4A1.3, a district court may depart upward from an applicable Guidelines range if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s. Upward departures from the highest criminal history category are appropriate "[i]n the case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history." USSG § 4A1.3, p.s., cmt. n.2(b).

Here, the district court explained at length its reasons for the departure. It emphasized Acklin's extensive criminal history, encompassing sixty-two convictions, several of which were serious offenses, including sexual assault, burglary and conspiracy to obtain property by false pretenses. The court observed that Acklin's criminal history was "about as robust as one can find in terms of just the volume and the length," thus concluding, contrary to Acklin's argument, that Acklin's criminal history was extraordinary. The court imposed a sentence nine months above the Guidelines range after following

4

our guidance on formulating the departure.  We conclude that the sentence was procedurally reasonable.

Turning to the substantive reasonableness of the sentence, Acklin argues that the extent of the district court's departure substantially overstated the seriousness of his criminal record.  He argues that the court neglected to consider the degree to which his admittedly extensive criminal record has diminished in the last two decades.  Further, Acklin contends that although he had fifty-five unscored convictions, the majority were for misdemeanor and traffic offenses, and therefore did not merit an upward departure of approximately thirty percent.  In sum, Acklin contends that the district court placed too much weight on the number of convictions instead of their severity.  See United States v. Cash, 983 F.2d 558 (4th Cir. 1992) ("[T]he sentencing court should consider not only the number of prior offenses committed by a defendant but also their seriousness.").  Our review of the sentencing transcript convinces us, however, that the district court considered not just the number of Acklin's lifetime convictions but their individual severity and cumulative effect.

The court departed upward from 30 to 37 months to a range of 46 to 57 months and imposed a sentence of 46 months.  In imposing the sentence, the court "considered all the arguments" of counsel, Acklin's statement, and the 18 U.S.C.

5

§ 3553(a) factors. The court also noted that it considered Acklin's explanation at the guilty plea hearing as to the circumstances surrounding his failure to register and took into account Acklin's prior compliance with registration in Connecticut. The court balanced Acklin's circumstances and the age of his many convictions with its concern whether Acklin's criminal behaviors would come to an end. The court concluded that there was a need to deter and incapacitate Acklin, and to "provide just punishment, to take into account the seriousness of [Acklin's] history and characteristics, the good and the bad." Under the circumstances, we conclude that the district court's decision to depart under § 4A1.3 and its extent of departure was factually supported and that the resulting sentence was substantively reasonable.

Finally, Acklin argues that the district court erred in calculating the Guidelines range for his supervised release term and in imposing a ten-year term. The Government responds that we should remand on the supervised release issue only. "[W]hoever is required to register under [SORNA and] . . . knowingly fails to register or update a registration as required by [SORNA,] shall be imprisoned for up to 10 years, fined, or be sentenced to both a fine and imprisonment." 18 U.S.C. § 2250(a)(3). For offenders under 18 U.S.C. § 2250, the term of supervised release "is any term of years not less than 5, or

6

life." 18 U.S.C. § 3583(k) (2012). Under USSG § 5D1.2(b)(2), the minimum supervised release term is five years, but if the sentence is a sex offense, "the guideline range for a term of supervised release is five years to life."

The Defendant argues, and the Government agrees, that the failure to register offense is not a sex offense; therefore, the supervised release Guidelines range does not include a maximum of life, and does not create a range of five years to life as is the case with sex offenses. The PSR indicated a supervised release Guidelines range of five years to life based on USSG § 5D1.2(b)(2) and 18 U.S.C. § 3583(k). The district court imposed a ten-year term without discussion. Subsequent to the sentencing hearing, the Department of Justice (DOJ) issued guidance and established the Government's position on supervised release terms for defendants convicted of SORNA offenses. According to the Government, the memo states (1) that a conviction for failure to register as a sex offender under § 2250(a) does not qualify as a "sex offense" under USSG § 5D1.2(b); and (2) the advisory supervised release range for a § 2250(a) conviction is a single point: the statutory minimum of five years.

Because the district court entered judgment before the DOJ memo issued, the case may benefit from the district court reconsidering the supervised release portion of the sentence.

7

Accordingly, we affirm the term of imprisonment, vacate the portion of the sentence imposing supervised release, and remand for reconsideration in light of the DOJ's recently issued position regarding the advisory supervised release range. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED