**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-4019
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DWAINE ALLEN COLLINS, a/k/a Dwaine Allen Cline,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Robert C. Chambers, Chief District Judge. (6:13-cr-00141-1)

_____

Argued: October 30, 2014          Decided: December 8, 2014

_____

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

_____

Affirmed in part; vacated and remanded in part by published opinion. Judge Floyd wrote the opinion, in which Judge Wilkinson and Judge Motz joined.

_____

**ARGUED:** Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Jennifer Rada Herrald, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Brian J. Kornbrath, Acting Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

FLOYD, Circuit Judge:

Dwaine Allen Collins was convicted of knowingly failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). The district court sentenced Collins to 30 months' imprisonment and ten years of supervised release. On this direct appeal, Collins contests his conviction primarily on the grounds that the government failed to prove an essential element of a SORNA violation: that he knew he had an obligation to register.

In support, he points to comments made by a state court judge in a separate proceeding, which in Collins's view suggest that his obligation to register had expired. We agree with the district court, however, that the state judge appeared to be giving advice rather than a binding legal opinion. Moreover, there is substantial evidence in the record to support the district court's conclusion that Collins knowingly avoided an obligation to register as a sex offender. We thus find Collins's claim unpersuasive and affirm his conviction.

Collins also appeals his sentence. We find his 30-month term of imprisonment, which is within the applicable Guidelines range, to be reasonable and thus affirm the district court's sentence in that respect. As to the term of supervised release, however, the United States Sentencing Commission recently issued a clarifying amendment stating that a failure to register under

2

SORNA is not a "sex offense" for the purposes of the Guidelines. Consequently, we vacate the supervised release portion of Collins's sentence and remand for further proceedings.

I.

In 1998, Dwaine Allen Collins pleaded guilty to two counts of taking indecent liberties with a child in North Carolina. Upon his conviction, both North Carolina and federal law required him to register as a sex offender.

After his release from prison in 2001, Collins moved to Ohio, where he registered as a sex offender. As part of the registration procedures, Collins signed a form, titled "Explanation of Duties to Register as a Sex Offender," which explained that he was required to register annually for ten years and verify his residence annually. Despite signing this form, Collins failed to re-register in 2002. Thus a warrant was issued in Ohio for his arrest. Before he could be apprehended, he moved to Parkersburg, West Virginia, where he remained until 2011. He did not register his sex offender status in West Virginia during that time.

In January 2011, Collins was arrested while attempting to steal a television in Ohio. After being released, he was detained on the 2002 warrant for failing to update his registration. While in custody, Collins signed another form,

3

titled "Notice of Registration Duties of Sexually Oriented Offender or Child-Victim Offender." J.A. 145. The form listed Collins's expected address as Parkersburg, West Virginia, but did not identify the sheriff's office where Collins was to register. The form also stated that: (i) Collins was classified as a Tier II sex offender, a more serious category than his original Tier I status; and (ii) he was required to register for 25 years. The 25-year requirement conflicts with his original 10-year requirement.[1]

In March 2011, Collins pleaded no contest to the single count indictment in Ohio state court charging him with failing to verify his address. In the state court proceeding, the judge suggested that a recent Ohio Supreme Court case rendered the increase from a 10-year registration period to a 25-year registration period "void."[2] J.A. 78. The judge further suggested that the original ten-year registration requirement applied. Id.; see also J.A. 78 (stating that he thought "this

---

[1] The district court later found that the Notice of Registration form mandating 25 years of registration was inaccurate.

[2] Specifically, the state court judge cited State v. Bodyke, 933 N.E.2d 753 (Ohio 2010). In that case, the Ohio Supreme Court held the Ohio Attorney General could not change the classification of sex offenders and therefore severed the provision giving the Attorney General the power to reclassify sex offenders from the Ohio sex offender statute.

4

period was a ten year period dating from the time he would have been released"). Thus the judge sentenced Collins to time served for the outstanding 2002 warrant. J.A. 79-80.

After being released from custody in Ohio, Collins returned to West Virginia. He again did not register as a sex offender with West Virginia authorities, despite signing forms expressly stating that he was required to do so.

In May 2013, Collins was again charged for failing to register as a sex offender—this time under federal law (SORNA), a violation separate from the one underlying the first indictment in Ohio. In the federal proceeding, the parties agreed to a bench trial on a single issue: whether Collins had knowingly failed to register as a sex offender.

Collins agreed to a bench trial. Collins primarily argued that he had not "knowingly" failed to register as a sex offender in light of the Ohio state court judge's comments that his 10 year registration period had expired. The district court rejected this argument. Notwithstanding any requirement to register under state law, the district court concluded that Collins had a separate obligation to register under federal law—namely SORNA. The district court found that the knowledge element was satisfied as long as Collins knew he was required to register "under some scheme"—that is, any state or federal law, but not necessarily SORNA specifically. J.A. 147. The district

5

court also rejected Collins's reliance on the Ohio state judge's statements, concluding that the judge "did not make a definite legal ruling during the sentencing hearing as to whether [Collins] was no longer required to register at all" and that the judge was merely "stating his opinion." J.A. 146.

The presentence investigation report (PSR) calculated the Guideline range for Collins's conviction as 30-37 months based on a base offense level of 12 and Category VI criminal history. The district court granted Collins's request for a two-level reduction (to level 10) for acceptance of responsibility, thus reducing the Guideline range to 24-30 months. Emphasizing Collins's long criminal history, the district court imposed a 30-month sentence, finding that a sentence at the upper limit of the Guidelines was "appropriate to protect the community." J.A. 180. Although both Collins and the government agreed that a five-year supervised release period was appropriate, the district court imposed ten years of supervised release.

## II.

### A.

We first address Collins's challenge to his SORNA conviction. Following a bench trial, this Circuit reviews findings of fact for clear error and findings of law de novo. United States v. Leftenant, 341 F.3d 338, 342-43 (4th Cir.

6

2003).[3]  A guilty verdict must be affirmed if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  United States v. Poole, 640 F.3d 114, 121 (4th Cir. 2011) (quoting United States v. Madrigal-Valadez, 561 F.3d 370, 374 (4th Cir. 2009)).  "This standard is met when there is substantial evidence in the record, viewed in the light most favorable to the government, to support the district court's judgment."  Id. (internal quotation marks omitted).

B.

Under SORNA, a "sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."  42 U.S.C. § 16913(a).  Failure to register triggers an array of potential penalties, but only if the offender has knowledge of the registration requirement.  18 U.S.C. § 2250(a)(3) ("Whoever . . . knowingly fails to register or update a registration as required by [SORNA] . . . shall be fined under this title or imprisoned not more than 10 years, or both.").

---

[3] Collins's appeal of his conviction pertains only to the sufficiency of the prosecution's evidence.  There is no issue of law in this case for knowingly failing to register under SORNA.

7

The parties do not dispute that Collins was a sex offender under federal law, that he was required to register under SORNA, and that he failed to do so.  Appellee Br. at 12; Appellant Br. at 13.  The only issue regarding his conviction is whether Collins knowingly failed to register, as required under 18 U.S.C. § 2250(a)(3).

In criminal trials, the government can "establish a defendant's guilty knowledge by either of two different means." Poole, 640 F.3d at 121.  "The government may show that a defendant actually was aware of a particular fact or circumstance, or that the defendant knew of a high probability that a fact or circumstance existed and deliberately sought to avoid confirming that suspicion."  Id.

Here, the government relies on the latter means, arguing that Collins's previous failure to register in Ohio and West Virginia showed, as the district court found, "his state of mind and intention to avoid registration requirements."  J.A. 144. In further support of its argument that Collins knew he had a duty to register, the government also cites: (i) the fact that Collins registered as a sex offender several times in North Carolina and Ohio between 2002 and 2011; (ii) Collins's signed notification forms reminding him of his registration obligations; (iii) his statements to the police that he disliked registering as a sex offender because he had previously been

8

assaulted after doing so; and (iv) his use of an alias, which the government contends he used to avoid being identified as a sex offender.

Although Collins disputes much of this evidence, he primarily seeks reversal based on the Ohio state judge's statement that he had no further registration requirements. In Collins's view, the state judge assured him that his obligations to register as a sex offender had lapsed and therefore he could not have knowingly failed to register. Collins believes the state judge's statements override much of the government's other evidence, including his signed registration forms, because Collins cannot read or write and needs others' help to understand documents. In contrast, the government argues, and the district court found, that the Ohio state judge "was merely stating his opinion that the Ohio registration period may have lapsed." J.A. 146. We find no reason to part from the district court's interpretation of the state judge's comments. The state judge appeared to be couching his comments as advice to Collins rather than as a binding legal ruling. Pursuant to the deferential standard of review for convictions in this Circuit, the district court's interpretation of the state judge's comments was not clear error.

Even if we accepted Collins's assertion that the state judge issued a substantive legal ruling as to his registration

9

requirements, we would still affirm. Collins argues that the state judge's comments show a form of entrapment by estoppel, which stands for the proposition that the state's prosecution of "someone for innocently acting upon . . . mistaken advice is akin to throwing water on a man and arresting him because he's wet." People v. Studifin, 504 N.Y.S.2d 608, 610 (N.Y. Sup. Ct. 1986). The Supreme Court narrowly defined entrapment by estoppel in Cox v. Louisiana, 379 U.S. 559 (1965), and Raley v. Ohio, 360 U.S. 423 (1959). Unlike here, the defendants in both of those cases relied upon state officials' prior interpretation of state law and then were charged with a violation of state law. In contrast, here Collins relied on a state official's interpretation of state law, but was later charged with a violation of federal law. In other words, Collins effectively asks us to extend the reach of entrapment by estoppel to cases with two different sovereigns.[4]

We have previously held that entrapment by estoppel occurs only when the same sovereign advises that certain conduct is permissible, but later initiates a prosecution based on that conduct. In United States v. Etheridge, 932 F.2d 318, 320-21

---

[4] Collins concedes that entrapment by estoppel does not formally apply but urges that then "animating principle behind it . . . still applies" here. Appellant's Br. at 19. Even if that were true, his argument is foreclosed by our prior precedent, including Etheridge.

10

(4th Cir. 1991), we held that a convicted felon violated federal law by possessing two shotguns used for hunting, even though a state judge had advised him that he was permitted to possess the shotguns for that purpose. The Etheridge court quoted at length from an Eleventh Circuit case, United States v. Bruscantini, 761 F.2d 640, 642 (11th Cir. 1985), which distinguished Cox and Raley by finding that when "the government that advises and the government that prosecutes are not the same, the entrapment problem is different."

Etheridge controls the outcome in this case: here, as there, the defendant was convicted for violating federal law despite receiving conflicting advice from a state official about similar state law. We of course are not free to disregard binding precedent. And even if we were, we would reach the same result. Entrapment by estoppel is a narrow exception to the general principle that ignorance of the law is no excuse, and it would be unwise to extend its application here.

Having disposed of Collins's reliance on the Ohio state judge's comments, it is readily apparent that his conviction should be affirmed. Over the years, Collins signed several forms acknowledging his obligations to register. J.A. 143, 145. Upon his arrest, he also made comments to federal marshals about his reluctance to register due to the threats and assault he received upon registering. J.A. 101-102. Taken together, these

11

facts constitute "substantial evidence in the record . . . to support the district court's judgment," Poole, 640 F.3d at 121 (internal quotation marks omitted), that Collins knew he was required to register as a sex offender. Consequently, we affirm Collins's conviction.

III.

Collins also argues that his 30-month sentence is excessive and should be reduced. When using the Sentencing Guidelines, "[t]he courts of appeals review sentencing decisions for unreasonableness." United States v. Booker, 543 U.S. 220, 264 (2005). The reasonableness of a sentence "is not measured simply by whether the sentence falls within the statutory range, but by whether the sentence was guided by the Sentencing Guidelines and by the provisions of [18 U.S.C.] § 3553(a)." United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). In this Circuit, the reasonableness inquiry "focuses on whether the sentencing court abused its discretion in imposing the chosen sentence." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

After applying a two-level reduction in light of Collins's accepting responsibility for his crime, the district court found that Collins's base offense level was 10. After the reduction, Collins's criminal history was determined to be in Category VI,

leading to an advisory guidelines range of 24-30 months. In ultimately ordering a 30-month sentence, the district court found that Collins's criminal history included "extremely serious crimes . . . [that] reflect the type of conduct that would make one fear that this defendant is some type of a predator." J.A. 179. The district court went on to conclude "that the defendant pretty much stays in trouble, irrespective of his illiteracy, other problems." J.A. 180; see also id. (noting that Collins was "very prone to breaking the law" and that he will "probably commit other offenses after he serves his prison term here"). Because the 30-month sentence is within the Guidelines range, we find it is entitled to a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Wright, 594 F.3d 259, 268 (4th Cir. 2010).

That is especially true because Collins actually requested a sentence between 24-30 months in his presentencing memorandum, thus clearly signaling that he believed such a sentence was reasonable. In light of this request, his argument on appeal that a 30-month term of imprisonment is excessive rings hollow. Simply put, the district court's decision was within the applicable Guidelines range, was heavily influenced by the § 3553(a) factors, and was thorough. Accordingly, the sentence is affirmed.

13

Collins also contests the district court's imposition of a ten-year supervised release period. Specifically, he argues that the district court used an incorrect Guidelines calculation when making that determination. In support, he cites United States v. Goodwin, 717 F.3d 511, 520 (7th Cir. 2013), which held the correct Guidelines calculation for a SORNA violation was a single "point" of five years, rather than five years to life (as stated in the PSR here). At oral argument, the government agreed with Collins's position. More importantly, in May 2014, the Sentencing Commission published proposed amendments to the Sentencing Guidelines that affects Collins's case. Sentencing Guidelines for United States Courts, 79 Fed. Reg. 25,996 (proposed May 6, 2014). Due to a lack of congressional action, those amendments became effective on November 1, 2014. U.S.S.G. § 5D1.2 cmt. nn.1 & 6 (text of amendments).[5]

In Goodwin, the Court considered whether failure to register was a "sex offense" for the purposes of the Guidelines, concluding that it was not because it was not "perpetrated against a minor" as required by the Guidelines. Goodwin, 717

---

[5] The amendments became effective after briefing and oral argument in this case.

F.3d at 520. Congress enacted SORNA to protect the population at large rather than the victim of the underlying crime. See United States v. W.B.H., 664 F.3d 848, 854 (11th Cir. 2011) ("SORNA plainly states that its purpose is to protect society . . . from sexual offenders, 42 U.S.C. § 16901 . . . ."). Other circuits have adopted the reasoning in Goodwin. United States v. Segura, 747 F.3d 323, 329-30 (5th Cir. 2014); United States v. Herbert, 428 Fed. App'x 37 (2d Cir. 2011).

The Sentencing Commission amended the Guidelines to implement Goodwin's holding. The Commission may generally enact two types of amendments: clarifying and substantive. See generally United States v. Butner, 277 F.3d 481, 489 (4th Cir. 2002) (explaining how to distinguish clarifying amendments from substantive amendments). Clarifying amendments "change[] nothing concerning the legal effect of the guidelines, but merely clarif[y] what the Commission deems the guidelines to have already meant." United States v. Capers, 61 F.3d 1100, 1109 (4th Cir. 1995). A substantive amendment, by contrast, "has the effect of changing the law in this circuit." Id. at 1110.

The amendment does not change the law of this Circuit because we do not have a published opinion addressing whether the failure to register is itself a sex offense. Previous unpublished opinions are contradictory. Compare United States

15

v. Nelson, 400 F. App'x 781, 782 (4th Cir. 2010) (per curiam) (Guidelines range is five years to life) with United States v. Acklin, 557 F. App'x 237, 240 (4th Cir. 2014) (per curiam) (remanding for reconsideration in light of DOJ memo endorsing a "single point" of five years).  We find that this amendment to the Guidelines is a clarifying amendment rather than a substantive amendment.  The amendment resolves an uncertainty created by contradictory language in the Guidelines and § 2250 rather than revising a preexisting rule.

This Circuit has previously held that "a clarifying amendment must be given effect at sentencing and on appeal, even when the sentencing court uses an edition of the guidelines manual that predated adoption of the amendment." United States v. Goines, 357 F.3d 469, 474 (4th Cir. 2004) (citations omitted); U.S.S.G. § 1B1.11(b)(2) ("[I]f a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes.").

Accordingly, we must give effect to the amendment here.  We find that failing to register as a sex offender under SORNA is not a "sex offense" for the purposes of the Guidelines.

B.

Because the maximum term of imprisonment for failing to register under SORNA is ten years under § 2250(a), such a failure constitutes a Class C felony. 18 U.S.C. § 3559(a)(3) (defining a Class C felony as an offense with a maximum term of imprisonment of "less than twenty-five years but ten or more years"). The Guidelines recommend a term of supervised release between one and three years for Class C felonies. U.S.S.G. § 5D1.2(a)(2). Thus, this entire Guidelines range is below the statutory minimum of five years of supervised release. 18 U.S.C. § 2250(a).

Our sister circuits disagree as to how to resolve the situation when a Guidelines range for supervised release is below the statutory minimum. In Goodwin, the Seventh Circuit relied on a rule developed in another case, Gibbs, to construe the Guidelines to recommend a single "point" at the statutory minimum: five years. 717 F.3d at 520 (citing United States v. Gibbs, 578 F.3d 694, 695 (7th Cir. 2009)). The Gibbs rule holds that when the Guidelines range is below the statutory minimum, the Guidelines should be read to recommend a 'single point' at the statutory minimum, rather than a range. Gibbs, 578 F.3d at 695. The Eighth Circuit in Deans took a different approach in which the statutory requirement entirely supplants the Guidelines range. United States v. Deans, 590 F.3d 907, 911 (8th

17

Cir. 2010). Under the Deans rule, the Guidelines are construed to recommend the full statutory range irrespective of the lower Guidelines range. Id.

The Sentencing Commission adopted the Gibbs rule as part of its amendment on sex offenders. Cf. U.S.S.G. § 5D1.2 cmt. n.6. As noted above, this Circuit has not ruled definitively on this issue and has not adopted either the Gibbs rule or the Deans rule. Consequently, this change is also a clarifying amendment because it does not change our substantive law. Butner, 277 F.3d at 489; Capers, 61 F.3d at 1109. We must give effect in this direct appeal to the clarifying amendment adopting the Gibbs rule on appeal. Goines, 357 F.3d at 474; U.S.S.G. § 1B1.11(b)(2).

### C.

This Circuit's practice is to vacate and remand for resentencing when the Sentencing Commission enacts a clarifying amendment. See, e.g., Goines, 357 F.3d at 480-81; United States v. Ross, 352 F. App'x 771, 773 (4th Cir. 2009) (per curiam). Because clarifying amendments simply elucidate existing law rather than create new law or modify existing Circuit precedent, Collins should benefit from reconsideration of his term of supervised release in light of the Sentencing Commission's recent amendment. Although it is possible that the district

18

court will re-impose ten years of supervised release, this time as an upward variance, the importance of the Guidelines' recommended range to sentencing merits vacatur and remand. See United States v. Turner, 548 F.3d 1094, 1099 (D.C. Cir. 2008) ("Practically speaking, applicable Sentencing Guidelines provide a starting point or 'anchor' for judges and are likely to influence the sentences judges impose.").

V.

For the reasons provided above, we affirm Collins's conviction and his term of imprisonment, and remand for further proceedings consistent with this opinion as to his term of supervised release.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

19