**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4660**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRIAN PAIGE ISDELL,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:12-cr-00011-MOC-DCK-1)

Argued: October 29, 2014         Decided: January 23, 2015

Before TRAXLER, Chief Judge, and WILKINSON and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. William Michael Miller, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Ross Hall Richardson, Acting Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Isdell pleaded guilty to failing to register as a sex offender, see 18 U.S.C. § 2250(a), and was sentenced to a 21-month term of imprisonment to be followed by a 15-year term of supervised release. Isdell appeals the term of supervised release imposed by the district court, arguing that the court erred in calculating the advisory range under the Sentencing Guidelines and failed to adequately explain its reasons for imposing the 15-year term. Finding no reversible error, we affirm.

I.

It is a crime under federal law to "knowingly fail[] to register or update a registration as required by the Sex Offender Registration and Notification Act [42 U.S.C. § 16913 et seq.]." 18 U.S.C. § 2250(a)(3). The statutory penalties for violating § 2250 include a 10-year maximum term of imprisonment, see id. § 2250(a), and a term of supervised release of 5 years to life, see 18 U.S.C. § 3583(k).

Under the Sentencing Guidelines, the recommended term of supervised release for a crime with a 10-year maximum prison term generally is 1-3 years. See U.S.S.G. § 5D1.2(a)(2) (2014); 18 U.S.C. § 3559(a)(3). If a statute mandates a longer term than that recommended by the Guidelines, the term of supervised release imposed cannot be less than the statutorily required

3

term.  See id. § 5D1.2(c).  And if the underlying crime qualifies as a "sex offense," the upper end of the advisory supervised-release range is life.  See id. § 5D1.2(b)(2).

At the time of Isdell's sentencing, the Guidelines defined "sex offense" as

> (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 109B of such title; (iii) chapter 110 of such title, not including a recordkeeping offense; (iv) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; (v) an offense under 18 U.S.C. 1201; or (vi) an offense under 18 U.S.C. 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (vi) of this note.

U.S.S.G. § 5D1.2, cmt. n.1 (2012) (emphasis added).[1]  The statute defining the failure-to-register crime at issue in this case, 18 U.S.C. § 2250, is the only statute contained in chapter 109B of Title 18.  If a violation of § 2250 qualifies as a sex offense under this definition, then the upper end of Isdell's advisory Guidelines range was life.

The PSR prepared in anticipation of Isdell's sentencing indicated that Isdell's advisory supervised-release range was 5 years to life.  Neither Isdell nor the government filed any written objections to the PSR, and counsel for Isdell stated at

---

[1] As we will discuss, this portion of the Guidelines has since been amended.

4

the outset of the sentencing hearing that he had no objections to the PSR.

During the sentencing hearing, the government questioned whether Isdell's offense qualified as a sex offense under the Guidelines. Counsel for the government noted that the Department of Justice had previously taken the position that failure to register was a sex offense, but that the Department had recently changed its views and determined that a registration offense was not a sex offense. The government did not explain the basis for the Department's initial position, nor did it explain why the Department had changed its view. Regarding the appropriate term in this case, the government requested that the court vary upward and impose a 15-year term of supervised release.

At no time during sentencing did counsel for Isdell argue that a failure-to-register offense did not satisfy the Guidelines' definition of a sex offense. And while counsel requested a time-served term of imprisonment, counsel did not seek any particular term of supervised release, nor did he argue against the 15-year term sought by the government.

The district court ultimately sentenced Isdell to 21 months' imprisonment and 15 years' supervised release. As to supervised release, the court stated,

I do believe that the supervised release term could be five years to life. So I don't think it's just five years, I think it [is] five years to life. I appreciate what the Justice Department is saying. I think I have every right to go up on supervised release.

J.A. 40.

## II.

On appeal, Isdell argues that the district court erred in determining the Guidelines' supervised-release range and that his sentence is therefore procedurally unreasonable. Isdell contends that the failure to register under 18 U.S.C. § 2250 is not a "sex offense" because the registration offense was not "perpetrated against a minor," as required by the Guidelines. U.S.S.G. § 5D1.2, cmt. n.1 (2012). And because his offense is not a sex offense, Isdell argues that the supervised-release range recommended by the Guidelines is not a "range" but is instead a single point – 5 years, the minimum term authorized by 18 U.S.C. § 3583(k).

Because this argument is raised for the first time on appeal, we review for plain error only.[2] To obtain relief under

---

[2] Despite his failure to object, Isdell contends that the issue is preserved (and thus subject to harmless-error review) because the government raised the issue below. We disagree. Assuming without deciding that an objection or argument made by the government could be sufficient to preserve an appellate issue for a criminal defendant, the government's argument is not sufficient in this case. The government explained the Department of Justice's change of position in general terms (Continued)

plain-error review, Isdell bears the burden of establishing that "the district court erred, that the error was plain, and that it affected his substantial rights. Even when this burden is met, we have discretion whether to recognize the error, and should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Aidoo, 670 F.3d 600, 611 (4th Cir. 2012) (citation and internal quotation marks omitted).

The first two prongs of the plain-error standard are met here. After sentencing in this case, the Sentencing Commission amended the commentary to § 5D1.2 to clarify that failure-to-register violations under 18 U.S.C. § 2250 are not sex offenses. See U.S.S.G. § 5D1.2, cmt. n.1 (2014). We are obliged to give effect to that amendment on appeal. See United States v. Collins, ___ F.3d ___, 2014 WL 6871409, at *6 (4th Cir. Dec. 8, 2014); see also Henderson v. United States, 133 S. Ct. 1121, 1130-31 (2013) (error is "plain" for purposes of plain-error

---

without ever bringing to the district court's attention the issue raised on appeal – whether a violation of the sex-offender registration requirements is a crime perpetrated against a minor. See, e.g., United States v. Zayyad, 741 F.3d 452, 459 (4th Cir. 2014) ("To preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal. Because he must state the specific ground upon which he objects below, Fed. R. Evid. 103(a), an objection on one ground does not preserve objections on different grounds on appeal." (internal quotation marks omitted)).

review as long as the error is plain at the time of appellate review).  Thus, as Isdell argues, his offense of conviction is not a sex offense, and the Guidelines' advisory supervised-release "range" is 5 years.  See Collins, 2014 WL 6871409, at *7; U.S.S.G. § 5D1.2 cmt. n.6 (2014).

Although the district court is deemed to have committed plain error by concluding that the Guidelines supervised-release range was 5 years to life, that error does not warrant reversal in this case.  As noted above, Isdell bears the burden of establishing not only the existence of plain error, but also that the plain error affected his substantial rights.  He cannot satisfy that burden in this case.

"In the sentencing context, the [substantial-rights] prong of the plain-error standard is satisfied if there is a non-speculative basis in the record to conclude that the district court would have imposed a lower sentence upon the defendant but for the error."  United States v. McLaurin, 764 F.3d 372, 388 (4th Cir. 2014) (internal quotation marks omitted).  Here, the record does not show that the district court would have imposed a shorter term of supervised release but for the error.  If anything, the record establishes just the opposite – that the district court was prepared to impose the same term even if the Guidelines range were 5 years.  See J.A. 34 ("I don't want any problem, if I have the authority to go up on the supervised

8

release, I don't mind doing that."); J.A. 40 ("I think I have every right to go up on supervised release.").  Because Isdell cannot satisfy his burden under plain-error review, we affirm the term of supervised release imposed by the district court.[3]

### III.

When imposing sentence, the district court must consider the advisory Guideline range and the arguments of the parties in light of the factors set forth in 18 U.S.C. § 3553(a), and the court must select what it believes to be the appropriate sentence based on an "individualized assessment" of the facts of the case.  Gall v. United States, 552 U.S. 38, 50 (2007). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Isdell contends that the district court failed to sufficiently explain the reasoning behind the supervised-release

---

[3] Facing a similar issue, the court in United States v. Collins, ___ F.3d ___, 2014 WL 6871409 (4th Cir. Dec. 8, 2014), vacated a 10-year supervised-release term and remanded for reconsideration, see id. at *7.  Our application of plain-error review, which requires the defendant to prove prejudice, rather than harmless-error review, which requires the government to prove the absence of prejudice, distinguishes this case from Collins.

term it selected, particularly given the extent of the variance it imposed. We disagree. Although the district court did not tick off each of the § 3553(a) factors or explicitly tie its sentence to the relevant factors, the statements made by the district court during the sentencing hearing sufficiently established the basis for the sentence. As the record shows, the district court was concerned about protecting the public given Isdell's potential for violence, as revealed by the nature of the sex offense that led to the registration requirement, and his history of non-compliance with terms of supervision. See J.A. 36 ("How am I going to protect folks if he's cutting these things [an ankle monitor] off? What am I supposed to do?"); J.A. 39 ("I don't know how well we're going to keep up with him."). While the court's comments during sentencing were not exhaustive, we nonetheless believe they sufficiently reveal the basis for the 15-year term of supervised release imposed by the district court.

IV.

Accordingly, for the foregoing reasons, we hereby affirm the sentencing judgment of the district court.

AFFIRMED

10