**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4680**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TODD A. KEMPTON,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Senior District Judge. (0:13-cr-00047-JFA-1)

───────────

Submitted: February 23, 2015        Decided: March 5, 2015

───────────

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

───────────

James P. Rogers, Assistant Federal Public Defender, Kimberly H. Albro, Research and Writing Specialist, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Jamie Lea Nabors Schoen, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd A. Kempton appeals from the criminal judgment entered against him after he pled guilty pursuant to a plea agreement to one count of failing to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a) (2012). Kempton was sentenced to five months in prison with a life supervised release term. Kempton challenges only his supervised release term on appeal, asserting that the district court: (1) miscalculated his supervised release Sentencing Guidelines range under U.S. Sentencing Guidelines Manual § 5D1.2(b)(2) (2012), because he asserts that a SORNA violation is not a "sex offense" warranting such a lengthy supervised release term; and (2) failed to adequately explain its reasons for imposing a life supervised release term as the reasons given "were general and could apply to any SORNA defendant." We affirm in part, and vacate and remand in part.

Because Kempton did not object to his supervised release term in the district court, and did not request a supervised release term different than the one imposed, we review Kempton's challenges for plain error. United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010). To establish plain error, Kempton must establish that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Fed.

2

R. Crim. P. 52(b); Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). Even if Kempton establishes each of these elements, we may exercise our discretion to correct the error only if we are convinced that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson, 133 S. Ct. at 1126-27 (internal quotation marks and brackets omitted).

The district court's calculation of Kempton's supervised release advisory Guidelines range was plainly erroneous, and we find that the error should be recognized and corrected. See United States v. Collins, 773 F.3d 25, 32 (4th Cir. 2014) ("We find that failing to register as a sex offender under SORNA is not a 'sex offense' for the purposes of the Guidelines."); see also United States v. Price, ___ F.3d ___, 2015 WL 427712, *9 (4th Cir. Feb. 3, 2015) (finding plain error where district court imposed a life supervised release term for a § 2250(a) conviction).

Accordingly, although we affirm Kempton's conviction and five month sentence, we vacate Kempton's supervised release term and remand for resentencing on the supervised release term.[*] We

---

[*] Because we find that it was plain error for the district court to impose upon Kempton a life term of supervised release, we need not consider whether the district court provided an adequate individualized explanation for the life supervised release term.

3

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART