**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4472**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONALD SNYDER, a/k/a Ronald McCarty,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:13-cr-00048-JPB-JSK-1)

Submitted: May 11, 2015          Decided: May 26, 2015

Before MOTZ, AGEE, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Snyder appeals his sentence of twenty-four months imprisonment and five years of supervised release following his guilty plea to failure to register as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a) (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether venue in the Northern District of West Virginia was improper and whether SORNA is impermissibly vague as it applies to Snyder. In supplemental briefs, the parties agreed that, in light of a clarifying Sentencing Guideline amendment enacted subsequent to Snyder's sentencing, the sex-offender-related special conditions of supervised release do not apply to Snyder's offense. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

We review de novo a district court's venue determination. United States v. Jefferson, 674 F.3d 332, 364 (4th Cir. 2012). Venue lies in the state and district where the offense was "committed." U.S. Const. art. III, § 2, cl. 3; Fed. R. Crim. P. 18. Where, as here, the criminal statute does not contain an express venue provision, the court must determine venue by considering "the nature of the crime alleged and the location of

2

the act or acts constituting it." United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000) (internal quotation marks omitted). A convicted sex offender's act of interstate travel both "serve[s] as a jurisdictional predicate for § 2250" and is "the very conduct at which Congress took aim" in enacting the statute. Carr v. United States, 560 U.S. 438, 454 (2010).

Snyder's offense necessarily involved more than one district because it required interstate travel, beginning when he moved from West Virginia to North Carolina, which gave rise to his obligation to register in either state, and ending when he failed to register in either state. 42 U.S.C. § 16913(c) (2012). Thus, venue in West Virginia was proper.

Snyder also argues, for the first time on appeal, that SORNA's registration requirements are unconstitutionally vague as applied to transient sex offenders. We generally review a defendant's challenge to the constitutionality of a statute de novo. United States v. Bostic, 168 F.3d 718, 721 (4th Cir. 1999). However, when the issue is not presented to the district court, as is the case here, we review for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). Snyder fails to satisfy his burden under the plain-error rule and, therefore, is not entitled to relief. The statute here is neither ambiguous nor vague, and our review of the record

reveals that Snyder's conduct clearly violated the registration requirements.

We review for abuse of discretion special conditions of supervised release. United States v. Dotson, 324 F.3d 256, 259 (4th Cir. 2003). In addition to the mandatory conditions provided by the Guidelines, a district court may impose upon supervised release other conditions that it deems appropriate, "as long as that condition is 'reasonably related' to statutory factors referred to in [18 U.S.C.] § 3583(d)(1)." Id. at 260; see also U.S. Sentencing Guidelines Manual § 5D1.3(b) (2014). Additionally, these other conditions must be consistent with the Sentencing Commission's policy statements. Dotson, 324 F.3d at 260-61; USSG § 5D1.3(b).

At sentencing in June 2014, the district court, without objection, imposed a five-year term of supervised release, along with several sex-offender-related special conditions recommended in the presentence report. In November 2014, an amendment to § 5D1.2 became effective, stating that a SORNA violation is not a sex offense. USSG § 5D1.2 cmt. n.1 (2014). We recently held that this amendment was a clarifying, rather than substantive, amendment. United States v. Collins, 773 F.3d 25, 31-32 (4th Cir. 2014), cert. denied, __ S. Ct. __, 2015 WL 1121544 (U.S. Apr. 20, 2015). "[C]larifying amendment[s] must be given effect

at sentencing and on appeal, even when the sentencing court uses an edition of the guidelines manual that predated adoption of the amendment." Id. at 32 (internal quotation marks and citation omitted).

In this case, as in Collins, the district court did not have the benefit of the Guidelines amendment at the time of Snyder's sentencing, which occurred more than four months before the amendment became effective. "This Circuit's practice is to vacate and remand for resentencing when the Sentencing Commission enacts a clarifying amendment." Id.

We therefore vacate the supervised release portion of Snyder's sentence and remand for resentencing. In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. Accordingly, we affirm all other aspects of the district court's judgment. This court requires that counsel inform Snyder, in writing, of the right to petition the Supreme Court of the United States for further review. If Snyder requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Snyder. We dispense with oral argument because the facts and legal contentions are

5

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED
