**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4072**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

THEODORE WILLIAM WELLS,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:13-cr-00249-CMH-1)

Submitted:  August 6, 2015        Decided:  August 18, 2015

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Mark Diamond, Richmond, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Joseph V. Longobardo, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theodore William Wells pleaded guilty to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (2012), and the district court sentenced him to 18 months' imprisonment followed by 10 years of supervised release. Wells appeals, arguing that the district court failed to explain its reasons for imposing this sentence. We vacate and remand for further proceedings consistent with this opinion.

In explaining a sentence, the district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the court "'must make an individualized assessment based on the facts presented' when imposing a sentence, 'applying the relevant § 3553(a) factors to the specific circumstances of the case' and the defendant, and must 'state in open court the particular reasons supporting its chosen sentence.'" United States v. Lymas, 781 F.3d 106, 113 (4th Cir. 2015) (quoting United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009)) (emphasis omitted).

We conclude that the district court failed to adequately explain its sentence. The court offered no explanation except the general statement that it had considered the appropriate § 3553(a) factors and concluded that a sentence at the low end of the Sentencing Guidelines was appropriate. Furthermore, the

Government has not attempted to establish that the district court's error was harmless. See United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010) ("For a procedural sentencing error to be harmless, the government must prove that the error did not have a substantial and injurious effect or influence on the result." (internal quotation marks omitted)).

Additionally, as the Government concedes, the district court relied on an incorrect calculation of the Guidelines range applicable to supervised release, in light of clarifying amendments to the Guidelines range enacted after the presentence report was drafted. U.S. Sentencing Guidelines Manual § 5D1.2 cmt. n.1 (2014); see United States v. Price, 777 F.3d 700, 711 (4th Cir.), cert. denied, 135 S. Ct. 2911 (2015) ("[T]he Guidelines recommend that [a defendant convicted of failing to register] receive a five-year term of supervised release, rather than a term within a range of five years to life."); United States v. Collins, 773 F.3d 25, 31-32 (4th Cir. 2014), cert. denied, 135 S. Ct. 1868 (2015). Because the district court did not have the benefit of the Guidelines amendment at the time of Wells' sentencing, "[t]his Circuit's practice is to vacate and remand for resentencing." Collins, 773 F.3d at 32.

Accordingly, we vacate Wells' sentence and remand for further proceedings consistent with this opinion.* We deny Wells' motion for leave to file a pro se brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

VACATED AND REMANDED

---

\* Wells' additional arguments that the district court lacked authority to impose a 10-year term of supervised release are frivolous. The district court had statutory authority to impose "<u>any</u> term of years <u>not less than 5</u>, or life" for "any offense under section . . . 2250." 18 U.S.C. § 3583(k) (2012) (emphasis added).