**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4415**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER MATTHEW MARSH,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:17-cr-00004-JPJ-PMS-1)

Submitted:  December 29, 2017                     Decided:  February 12, 2018

Before MOTZ, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Rick A. Mountcastle, Acting United States Attorney, M. Suzanne Kerney-Quillen, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Matthew Marsh pled guilty to failure to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), in violation of 18 U.S.C. § 2250(a) (2012). He was sentenced to 30 months in prison, followed by five years of supervised release. Marsh appeals his sentence, raising two issues. We affirm.

I

Marsh first challenges the district court's decision to run the federal sentence consecutively to any term of imprisonment that Marsh was then serving.[1] We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In determining whether a sentence is procedurally reasonable, we consider, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range and adequately explained its chosen sentence. *Id*. We review a district court's decision to impose a concurrent or consecutive sentence for abuse of discretion but review de novo whether the district court properly applied the relevant Guidelines. *United States v. Pucke*tt, 61 F.3d 1092, 1097 (4th Cir. 1995).

District courts "have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including

---

[1] At the time of his federal sentencing, Marsh was serving a state sentence imposed in Florida.

state proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012); *see* 18 U.S.C. § 3584(a) (2012). In exercising this discretion, the court must consider the 18 U.S.C. § 3553(a) (2012) sentencing factors. 18 U.S.C. § 3584(b) (2012). The Guidelines also offer direction to courts when deciding whether to run a sentence consecutively or concurrently to an undischarged term of imprisonment. *See* U.S. Sentencing Guidelines Manual § 5G1.3 (2016).

Marsh argues that the court did not adequately explain its reason for imposing a consecutive sentence. The record is to the contrary. The court recognized its obligation to consider the § 3553(a) sentencing factors, which it identified. The court was especially mindful of the need to protect the public from this particular offender and to deter Marsh from further criminal conduct. In this regard, the court mentioned: the seriousness of a sex offense against a minor Marsh committed in Florida in 1997; Marsh's having violated the terms of his sex offender conditions on several occasions, which suggested that Marsh "had no regard for the requirements he must live under as a convicted sex offender;" and his admission in 2010 that he continued to have sexual fantasies about children. The court concluded that Marsh was "a potentially dangerous offender [with a] heighten[ed] need for deterrence." The court carefully considered the § 3553(a) factors in fashioning the sentence, as it was statutorily required to do, and appropriately exercised its long-recognized discretion to impose a consecutive sentence. *See Setser*, 566 U.S. at 236.

Marsh also appeals the district court's imposition of numerous special conditions of supervised release normally imposed on sex offenders. He contends that imposition of these conditions of release was improper because a SORNA offense is not a sex offense. Marsh also contends that the district court did not adequately explain its reasons for imposing the various special conditions.

Ordinarily, we review special conditions of release for abuse of discretion. *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009). However, because Marsh did not object to imposition of those conditions in the district court, our review is for plain error. *See United States v. Price*, 777 F.3d 700, 711 (4th Cir. 2015). To establish plain error, Marsh must show that: an error occurred; it was plain; and it affected his substantial rights. *Henderson v. United States*, 568 U.S. 266, 272 (2013). Even if Marsh makes the required showing, correction of the error lies within our discretion, which we exercise only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

A district court has "broad latitude to impose conditions on supervised release." *United States v. Dotson*, 324 F.3d 256, 260 (4th Cir. 2003). Within the broad discretion accorded to district courts in imposing special conditions of release, a court may impose any condition it considers appropriate as long as the condition: is reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)

(2012);[2] involves no greater deprivation of liberty than is reasonable necessary for serving these sentencing goals; and is consistent with relevant policy statements. 18 U.S.C. § 3583(d) (2012); *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017).

Marsh contends that, because a SORNA violation is not a sex offense, *see United States v. Collins*, 773 F.3d 25, 32 (4th Cir. 2014), imposition of special conditions ordinarily applied to sex offenders was error. "Sex offender conditions of supervised release may be imposed, even at sentencing for crimes which are not sex crimes, if supported by § 3583(d)." *Douglas*, 850 F.3d at 663 (internal quotation marks omitted). There is nothing in the record to suggest that the district court imposed the special conditions upon the mistaken belief that the instant offense was a sex offense. We discern no error, much less plain error, with respect to the claim that the district court erroneously believed that the SORNA offense was a sex offense.

Marsh also claims that the district court did not adequately explain its reasons for imposing the special conditions of release. The district court offered no explanation for imposing the special conditions aside from adopting the presentence investigation report (PSR), which summarily stated that "the nature of the instant offense [] and the

---

[2] Thus, special conditions may be imposed if they are reasonably related to, among other things: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for adequate deterrence; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with training, medical care, or other correctional treatment. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)D).

defendant's history and characteristics," statutory factors which may be considered, *see Dotson*, 324 F.3d at 260, warranted their imposition.[3]

Even if we were to find that the district court erred by simply adopting the PSR's justification, the law in this regard is not clear or settled. *See United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014); *United States v. Guzman*, 603 F.3d 99, 100 (1st Cir. 2010); *United States v. Johnson*, 445 F.3d 339, 346 (4th Cir 2006). We conclude that Marsh did not meet his burden of demonstrating that the district court's explanation of its reasons for imposing the special conditions was plainly erroneous.

## III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] Elsewhere in the PSR, the probation officer mentioned Marsh's history of repeatedly failing to comply with sex offender registration requirements, his cutting off a GPS strap in order to abscond from supervision, and his statement to a counselor in 2010 that he continued to have sexual fantasies about children. These are relevant to several § 3553(a) factors, including the history and characteristics of the defendant.