[No. H032794. Sixth Dist. Mar. 13, 2009.]

In re KAILASH CHAUDHARY on Habeas Corpus.

## Counsel

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Anya M. Binsacca and Amber N. Wipfler, Deputy Attorneys General, for Appellant State of California.

Keith Wattley, under appointment by the Court of Appeal, for Respondent Kailash Chaudhary.

## Opinion

**MIHARA, J.**—Penal Code section 3000.1 provides that a person convicted of a second degree murder that occurred after January 1, 1983, is subject to lifetime parole and becomes eligible for discharge from parole "when [such a] person . . . has been released on parole from the state prison, and has been on parole continuously for . . . five years." (Stats. 1982, ch. 1406, § 4, p. 5363.)

Respondent Kailash Chaudhary was convicted of the 1986 second degree murder of his ex-wife and incarcerated in a state prison. He was released on lifetime parole in March 2005. Prior to his release on parole, Chaudhary spent an additional three years 10 months in prison beyond the length of the term set by the former Board of Prison Terms (the Board) when it granted him parole. Two years six months of this prison time occurred after the effective date of the Board's parole grant, because the Governor reversed that

grant. The Governor's reversal was subsequently overturned by this court, resulting in Chaudhary's release.

In 2007, Chaudhary filed a petition for a writ of habeas corpus in the superior court contending that the time he spent in prison after the effective date of the Board's parole grant should be applied toward Penal Code[1] section 3000.1's parole discharge eligibility requirement. He sought a discharge from parole or a parole discharge review hearing. The superior court credited his claim that this period of time should be credited against section 3000.1's parole discharge eligibility requirement and directed the Board to hold a discharge review hearing.

Appellant Matthew Cate, the Secretary of California's Department of Corrections and Rehabilitation (the Secretary), appeals from the superior court's order. The Secretary argues that time Chaudhary spent in prison prior to his release on parole cannot be credited against section 3000.1's five-year parole discharge eligibility requirement. We agree and reverse the superior court's order.

## I.  Background

After 19 years in prison, Chaudhary was released on parole on March 28, 2005. His release on parole followed a grant of parole by the Board with an effective date of September 9, 2002, a reversal of that parole grant by the Governor, and a decision by this court vacating the Governor's reversal and reinstating the Board's parole grant. It is undisputed that Chaudhary spent three years 10 months in prison beyond the length of the term set by the Board when it granted Chaudhary parole, and that two years six months of this prison time occurred after the effective date of the Board's grant of parole.

In June 2007, Chaudhary filed a petition for a writ of habeas corpus in the superior court. This petition sought termination of his parole.[2] Chaudhary argued in his petition that the Governor's unjustified reversal of the Board's grant of parole resulted in his serving the additional two years six months. He maintained that this period of incarceration should be credited against section 3000.1's parole discharge eligibility requirement, which would make him immediately eligible for discharge from parole. The superior court denied his petition "without prejudice" because the petition failed to identify the length

---

[1] Subsequent statutory references are to the Penal Code.

[2] Chaudhary, a United States citizen who is elderly and in poor health, wishes to return to his native India where his family resides. He apparently cannot return to India while on parole.

of Chaudhary's parole period. The court urged Chaudhary to exhaust his administrative remedies.

In August 2007, Chaudhary filed a second petition, this time supported by evidence that he had been notified in writing, at the time of his release on parole, that his parole period was three years. In October 2007, the superior court issued an order to show cause on the second petition and appointed counsel.

The Secretary filed a return in which he pointed out that Chaudhary was subject to a "lifetime period of parole" under section 3000.1. The Secretary conceded that Chaudhary had spent 17 years 11 months in custody, and that the term set by the Board was 14 years one month. He argued that Chaudhary had not met section 3000.1's parole discharge eligibility requirement because he had not served five continuous years on parole after his release from prison. The Secretary maintained that the time spent by Chaudhary in custody beyond the length of his term could not be applied to satisfy section 3000.1's parole discharge eligibility requirement.

Chaudhary filed a traverse in which he conceded that he was subject to lifetime parole but asked the court to order the Board to discharge him from parole unless the Board could show good cause for his retention on parole.

The superior court issued a second order to show cause. The court ordered the Secretary to show cause why Chaudhary's time spent in prison beyond the length of his term should not be applied toward section 3000.1's parole discharge eligibility requirement, and why there was good cause to retain him on parole.

The Secretary filed a second return in which he contended that section 3000.1's parole discharge eligibility requirement was not subject to reduction for additional time spent in prison. Chaudhary filed a second traverse in which he made essentially the same arguments that he had made in his first traverse.

In March 2008, the superior court issued an order granting Chaudhary's petition "in part" and denying it "in part." The court found that the two years six months Chaudhary spent in prison after the effective date of the Board's grant of parole should be credited against section 3000.1's five-year parole discharge eligibility requirement. Because this would make Chaudhary eligible for discharge, the court concluded that Chaudhary was entitled to a

"new discharge review" by the Board to determine whether there was good cause to retain him on parole. The Secretary filed a timely notice of appeal.

## II. Analysis

■ The parties agree that Chaudhary's "period of parole" is "the remainder of [his] life." (§ 3000.1, subd. (a).) A person who is subject to a parole period of life as a result of a second degree murder conviction is eligible for discharge from parole "when [he] has been released on parole from the state prison, and has been on parole continuously for . . . five years . . . since release from confinement . . . ." (§ 3000.1, subd. (b).)

■ The Secretary, relying on the plain language of section 3000.1, subdivision (b), asserts that the five-year parole discharge eligibility requirement cannot be satisfied in whole or in part by time spent in prison prior to release from confinement on parole. We agree.

■ "The fundamental rule is that a court should ascertain the intent of the Legislature so as to effectuate the law's purpose, and in determining intent the court first turns to the words used. [Citation.] [¶] When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." (*People v. Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) "If, however, the language supports more than one reasonable construction, we may consider 'a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' " (*People v. Sinohui* (2002) 28 Cal.4th 205, 211 [120 Cal.Rptr.2d 783, 47 P.3d 629].) "Where reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 459 [279 Cal.Rptr. 834, 807 P.2d 1063].)

■ Section 3000.1's five-year parole discharge eligibility requirement is expressly limited to the period of time *after* the parolee "*has been released* on parole" and requires that the parolee serve five continuous years on parole "*since [the parolee's] release from confinement.*" (Italics added.) By placing these explicit limitations on the parole discharge eligibility requirement, the Legislature made unmistakably clear that a parolee must *first* have "been *released* on parole" and must *then* complete five continuous years on parole after the parolee's "release *from confinement.*" This intent explicitly precludes the application of any time spent *in custody prior to release* to satisfy any part of section 3000.1's five-year parole discharge eligibility requirement.

Chaudhary relies on cases that are readily distinguishable. *In re Bush* (2008) 161 Cal.App.4th 133 [74 Cal.Rptr.3d 256] (*Bush*) involved whether time spent in prison, prior to the release date set by the Board, which exceeded the term set by the Board could be credited against the parolee's *parole period.* (*Bush*, at p. 138.) Unlike Chaudhary, Bush, who had not been convicted of murder, was subject to a maximum five-year parole period, not lifetime parole. (*Bush*, at p. 139, fn. 3.) The court in *Bush* did not consider whether in-prison custody time could be applied to section 3000.1's parole discharge eligibility requirement, because that requirement only applies to those parolees on lifetime parole. In *McQuillion v. Duncan* (9th Cir. 2003) 342 F.3d 1012 (*McQuillion*), McQuillion was unlawfully held beyond his parole release date. The Ninth Circuit concluded that the period during which McQuillion was unlawfully incarcerated should be credited against his three-year *parole period.* (*McQuillion*, at p. 1015.) Because McQuillion, like Bush, was subject to a fixed parole period, not lifetime parole, the Ninth Circuit made no mention of section 3000.1's parole discharge eligibility requirement.

The two federal district court cases that Chaudhary cites are similarly distinguishable. In *Martin v. Marshall* (N.D.Cal. 2006) 448 F.Supp.2d 1143 (*Martin*), the court held, without any substantial analysis, that the parolee was entitled to have "actual surplus time served in prison deducted from his *parole period."* (*Martin*, at p. 1145, italics added.) Martin was not subject to section 3000.1's lifetime parole period, because his offense occurred in 1979. (*Martin v. Marshall* (N.D.Cal. 2006) 431 F.Supp.2d 1038, 1040.) In *Carlin v. Wong* (N.D.Cal. Aug. 4, 2008, No. C 06-4145 SI) 2008 U.S.Dist. Lexis 63116 (*Carlin*), the court held that Carlin should receive credit against his five-year fixed parole period for time that he had spent unconstitutionally incarcerated. (*Carlin*, at p. *2.) Carlin was not subject to section 3000.1's lifetime parole period, because his crime occurred prior to 1980. (*Carlin*, at p. *1.)

Chaudhary argues that *McQuillion* and these other federal cases are not distinguishable because "[t]he decisive question is whether the state owed [Chaudhary] any credit for the excess incarceration caused by the state's unlawful conduct. That Mr. McQuillion's credits placed him beyond his maximum parole period is irrelevant to the question of whether he was entitled to the credits at all." Chaudhary's logic suffers from a fatal flaw. There is no way to apply "credits" to a lifetime parole period. Even if we were to assume that a parolee would be entitled to credit against his or her *parole period* for time spent unlawfully incarcerated, that would not establish that section 3000.1's parole discharge eligibility requirement could be satisfied with such "credits." The extremely clear language of section 3000.1 establishes that time spent in prison prior to release from confinement cannot be applied to satisfy any part of section 3000.1's five-year parole discharge eligibility requirement.

## III. Disposition

The superior court's order is reversed, and the superior court is directed to vacate its order and enter a new order denying Chaudhary's petition.

Bamattre-Manoukian, Acting P. J., and McAdams, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 10, 2009, S172292.