**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT THELANDER, | No. 07-16448 |
| Petitioner - Appellee, | D.C. No. CV-05-04689-CW |
| v. | |
| ANTHONY KANE, Warden, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted January 11, 2011[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, WALLACE and SILVERMAN, Circuit Judges.

Warden Kane appeals from the district court's order granting Thelander's

petition for writ of habeas corpus. We dismiss the appeal as moot.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court granted Thelander's habeas petition, concluding that his due process rights were violated when the California Board of Parole (Board) denied parole without "some evidence" that Thelander posed a current risk of danger to society. *See Hayward v. Marshall*, 603 F.3d 546, 562-63 (9th Cir. 2010) (en banc). During the pendency of the Warden's subsequent appeal, the Board held another hearing and found Thelander suitable for parole, a decision that recently became final. Accordingly, there is no case or controversy for us to resolve. *See United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).

Additionally, "[t]he actual injury traceable to the State of [California] for which [Thelander] seeks relief cannot be redressed by a favorable decision" from this court. *See Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005) (internal alterations and quotation omitted). While Thelander remains in state custody on an unrelated conviction, we are unable to order his release. *See Haggard v. Curry*, — F.3d —, 2010 WL 4978842, at *5 (9th Cir. 2010). Based on the claims asserted in his habeas petition, the only relief to which Thelander might be entitled is "a redetermination by the Board consistent with [California's] 'some evidence' requirement." *See id.*; *see also In re Chaudhary*, 172 Cal. App. 4th 32, 37 (Cal. Ct. App. 2009) (holding that time wrongfully imprisoned after erroneous parole denial cannot be credited towards the five-year parole discharge eligibility requirement).

2

Because the Board has now found Thelander eligible for parole, it is undisputed that he has received this relief, and his claim is therefore moot.

**DISMISSED.**