**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

KEVIN LEROY CROWDER,
*Defendant-Appellant.*

No. 13-30033

D.C. No.
2:09-cr-00025-DWM-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

KEVIN LEROY CROWDER,
*Defendant-Appellant.*

No. 13-30034

D.C. No.
2:09-cr-00031-DWM-1

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 5, 2013[*]
Seattle, Washington

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed December 24, 2013

Before: M. Margaret McKeown and Richard C. Tallman, Circuit Judges, and Stephen Joseph Murphy, III, District Judge.[**]

Opinion by Judge McKeown

## SUMMARY[***]

### Criminal Law

The panel affirmed a sentence imposed upon revocation of supervised release.

The panel held that upon revocation of an initial term of supervised release, 18 U.S.C. § 3583(h) does not bar the imposition of a subsequent lifetime term of supervised release, even when accompanied by a term of imprisonment.

---

[**] The Honorable Stephen Joseph Murphy, III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Michael Donahoe, Assistant Federal Public Defender, Federal Defenders of Montana, Helena, Montana, for Defendant-Appellant.

Danna Rae Jackson and Leif Johnson, Assistant United States Attorneys, United States Attorneys' Office, Helena, Montana, for Plaintiff-Appellee.

## OPINION

McKEOWN, Circuit Judge:

Kevin Leroy Crowder appeals from a sentence of 14 months' imprisonment and lifetime supervised release. The issue we consider is whether 18 U.S.C. § 3583(h), which authorizes an additional term of supervised release following revocation of supervised release, permits imposition of a lifetime term of supervised release. We join our sister circuits in holding that it does. *See United States v. Cassesse*, 685 F.3d 186, 191 (2d Cir. 2012); *see also United States v. Rausch*, 638 F.3d 1296, 1302–03 (10th Cir. 2011).

## BACKGROUND

Crowder is subject to the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), as a result of a Washington State conviction for child molestation. In 2009, Crowder was convicted in the District of Montana for failing to register and/or update a registration, in violation of SORNA. In a separate federal proceeding, Crowder pleaded

guilty to knowing possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

At a consolidated sentencing hearing in 2010, the district court sentenced Crowder to 33 months' imprisonment on each count to run concurrently. The court also imposed a term of lifetime supervised release in connection with the SORNA violation and a term of three years' supervised release in connection with the firearm conviction. Conditions of supervision included, among other things, a requirement to "report to the probation office . . . within 72 hours of release from the custody of the Bureau of Prisons [("BOP")]." This initial term of lifetime supervised release is not at issue on appeal.

After serving his sentence, Crowder was released and began serving his terms of supervised release. Within days of his release, the United States Probation Office filed a "Petition for Warrant for Offender Under Supervision." An amended petition filed some months later alleged that Crowder had failed to report to the probation office within 72 hours of his release from custody. That petition also alleged that Crowder had committed a state crime in violation of the standard conditions of supervised release. Crowder admitted both alleged violations, and the district court determined that Crowder had violated his conditions of supervised release.

The district court had determined to revoke Crowder's supervised release; at the revocation hearing, it concluded that, in accordance with the factors delineated in 18 U.S.C. § 3553(a), "lifetime supervised release is appropriate . . . because of the inability and unwillingness of Mr. Crowder to comply with the conditions that have been set in the federal sentencing." Over defense counsel's objection, the district

court sentenced Crowder to two terms of 14 months' imprisonment to run concurrently and to a lifetime term of supervised release in connection with the supervised release revocation on the conviction for failure to register under SORNA.

## ANALYSIS

Crowder challenges the lifetime term of supervised release imposed at the revocation hearing as unauthorized under § 3583(h).   Crowder admits that 18 U.S.C. § 2250(a)—the statute under which he was initially convicted for failing to register under SORNA—authorizes a lifetime term of supervised release.  *See* 18 U.S.C. § 3583(k) (2006). Indeed, the district court initially imposed a lifetime term of supervised release pursuant to that statute.  Crowder argues, however, that § 3583(h) does not authorize a lifetime term of supervised release following revocation because it is not possible to subtract a term of imprisonment from a lifetime term of supervised release as the statute requires.  We review de novo this issue of statutory construction.  *United States v. Havelock*, 664 F.3d 1284, 1289 (9th Cir. 2012).

Section 3583(h) provides as follows:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised

> release, less any term of imprisonment that
> was imposed upon revocation of supervised
> release.

18 U.S.C. § 3583(h) (2006). Both the Second and the Tenth Circuits have considered the challenge Crowder raises, and both circuits declined to interpret § 3583(h) to bar reimposition of lifetime supervised release. *See Cassesse*, 685 F.3d at 191; *see also Rausch*, 638 F.3d at 1302–03 (reviewing for plain error and finding no prejudice in imposition of lifetime supervised release rather than "life less two years" because "it is impossible to predict the precise length of any individual's life, [therefore] a sentence of 'life less two years' has only conceptual—not practical— meaning.").

Read literally, under the statute, the term of imprisonment imposed following revocation should be subtracted from the supervised release term. *See* 18 U.S.C. § 3583(h). As the Second Circuit pointed out, this is an "almost metaphysical issue" and it is "highly unlikely" that Congress intended to bar lifetime supervised release under the statute. *Cassesse*, 685 F.3d at 187, 191. Section 3583(h) presents "one of those rare situations where Congress did not expect the literal terms of its handiwork to be applied to a lifetime term of supervised release. . . ." *Id.* at 191. A natural and practical reading of the statute does not impose the constraint that Crowder advocates. We also agree with the Second Circuit that interpreting § 3583(h) to bar lifetime supervised release would be without consequence because a sentencing court could easily fulfill the subtraction requirement by sentencing the defendant to an absurdly long term of years of supervised release. *Id.*

Crowder's strained interpretation of § 3583(h) is without support.  He offers no authority for his proposed statutory construction except a California Court of Appeals case that does not discuss this provision.  *See In re Chaudhary*, 172 Cal. App. 4th 32 (2009).  We hold that upon revocation of an initial term of supervised release, § 3583(h) does not bar the imposition of a subsequent lifetime term of supervised release, even when accompanied by a term of imprisonment.

**AFFIRMED.**