**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4104**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DALE PATRICK VERSHER,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:10-cr-00098-AWA-TEM-1)

Submitted:  November 10, 2015        Decided:  November 16, 2015

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Frances H. Pratt, Rodolfo Cejas, II,  Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Lisa R. McKeel, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dale Patrick Versher appeals the district court's order revoking supervised release and imposing a 24-month term of imprisonment to be followed by 15 years' supervised release. Versher contends that one of the conditions of supervised release he was convicted of violating was unconstitutionally vague and that the court plainly erred in imposing a 15-year term of supervised release. For the reasons that follow, we affirm.

In 2010, Versher, a convicted rapist, pled guilty to failing to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), see 18 U.S.C. § 2250(a) (2012). The district court sentenced Versher to 36 months' imprisonment, to be followed by a 15-year term of supervised release for which the court imposed several conditions of supervision. Relevant to this appeal, Standard Condition 3 required Versher to "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." (J.A. 40).[1]

Versher was released from custody and began serving his term of supervision in March 2013. Later that year, the

_____

[1] "J.A." refers to the joint appendix filed by the parties on appeal.

district court revoked Versher's supervised release, because he violated various conditions of supervision. The court sentenced Versher to 60 days' imprisonment, to be followed by 15 years' supervised release.

Versher's new term of supervision began on January 3, 2014. The district court once again revoked Versher's supervision on February 5, 2015, finding that Versher violated several conditions of supervision, including Standard Condition 3. The court found that Versher violated Standard Condition 3 by failing to comply with the probation officer's oral instructions to notify him about new romantic relationships. Versher argues that this instruction was impermissibly vague, because it was not clear what constituted a "romantic relationship" and therefore the condition violated his due process rights.[2]

We review for abuse of discretion a district court's judgment revoking supervised release and imposing a term of imprisonment. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, ___ S. Ct. ___, 2015 WL 5937870 (U.S. Nov.

---

[2] Versher does not dispute the district court's findings that he violated other conditions of supervised release, or that his supervised release could be revoked solely on the basis of those other violations. However, he argues that he was prejudiced by the district court's finding that he violated Standard Condition 3, because the district court's decision to sentence him above the Policy Statement range to the statutory maximum term of imprisonment was based in part on this violation.

9, 2015) (No. 15-6499). We review de novo constitutional due process claims. United States v. Legree, 205 F.3d 724, 729 (4th Cir. 2000).

A statute violates due process of law if it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. Gen. Constr. Co., 269 U.S. 385, 391 (1926); United States v. Morison, 844 F.2d 1057, 1070 (4th Cir. 1988). The same principles apply to conditions of supervised release. See United States v. Paul, 274 F.3d 155, 166 (5th Cir. 2001) ("Restrictions on an offender's ability to interact with particular groups of people . . . must provide 'fair notice' of the prohibited conduct."); United States v. Schave, 186 F.3d 839, 843 (7th Cir. 1999) ("A condition of supervised release is unconstitutionally vague if it would not afford a person of reasonable intelligence with sufficient notice as to the conduct prohibited."). "[C]ategorical terms can provide adequate notice of prohibited conduct where there is a commonsense understanding of what activities the categories encompass." Paul, 274 F.3d at 167. Our review of the record and the parties' briefs convinces us that the probation officer's instructions were not impermissibly vague and that the district court did not abuse its discretion

in finding that Versher violated Standard Condition 3 by failing to comply with those instructions.

Next, Versher challenges the 15-year term of supervised release imposed by the district court. Because Versher did not object to his sentence before the district court, our review is for plain error. United States v. Webb, 738 F.3d 638, 640-41 (4th Cir. 2013). To satisfy the plain error standard, Versher must show (1) an error; (2) that is clear and obvious; (3) that affects substantial rights; and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (alteration in original).

Under U.S. Sentencing Guidelines Manual § 5D1.2(b)(2) (2010), a defendant who is convicted of a "sex offense" may receive up to a lifetime term of supervised release. In United States v. Collins, 773 F.3d 25 (4th Cir. 2014), cert. denied, 135 S. Ct. 1868 (2015), this Court held, in accordance with a recent clarifying amendment to the Guidelines, that "failing to register as a sex offender under SORNA is not a 'sex offense' for purposes of the Guidelines." 773 F.3d at 32; see USSG § 5D1.2 cmt. n.1 (2014). Thus, the term of supervised release under the Guidelines for a defendant, like Versher, who is convicted of failing to register is the statutory minimum of five years. Collins, 773 F.3d at 32; see USSG § 5D1.2 cmt. n.6. Notably, although Collins clarified that the Guidelines term of

5

supervised release for defendants convicted of failing to register is five years, the statutory range remains the same—five years to life. See 18 U.S.C. § 3583(k) (2012).

Versher argues that the district court plainly erred by imposing a supervised release term in excess of the five years advisory Guidelines range, and by failing to explain the reason for the upward variance. Even assuming that the district court erred by failing to take into account the advisory Guidelines range in imposing or explaining the upward variance, and that the error is clear or obvious, Versher cannot show a "non-speculative basis in the record to conclude that the district court would have imposed a lower [supervised release term] . . . but for the error." United States v. McLaurin, 764 F.3d 372, 388 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, 135 S. Ct. 1842 (2015).

Finally, Versher argues that the district court erred in failing to subtract from his 15-year supervised release term the terms of imprisonment imposed for his past and present supervised release violations. The length of a new term of supervised release may "not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h) (2012). However, § 3583(h)'s

6

subtraction rule does not apply where a statute authorizes a maximum supervised release term of life. United States v. Crowder, 738 F.3d 1103, 1104-05 (9th Cir. 2013); United States v. Cassesse, 685 F.3d 186, 188-91 (2d Cir. 2012); United States v. Rausch, 638 F.3d 1296, 1302-03 (10th Cir. 2011).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

7