**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

SEP 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30069 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00014-DWM-1 |
| v. | |
| ERIC ANTHONY HUERTA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted September 18, 2019**

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Eric Anthony Huerta appeals from the district court's judgment and challenges the 15-year term of supervised release imposed upon his second revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Huerta argues that the 15-year term of supervised release exceeds the statutory maximum. This argument lacks merit. The term of supervised release authorized by statute for the offense that resulted in Huertas's original term of supervised release was life. *See* 18 U.S.C. § 3583(k). Thus, upon revocation, the district court could have imposed a new term of supervised release as long as life, notwithstanding the seven months of imprisonment imposed upon Huerta's two revocations. *See* 18 U.S.C. § 3583(h); *United States v. Crowder*, 738 F.3d 1103, 1104-05 (9th Cir. 2013) (district court did not err in imposing another lifetime term of supervision upon revocation, even though it also sentenced defendant to 14 months' imprisonment, because requirement that terms of imprisonment be subtracted from maximum authorized supervised release term has no practical effect when maximum supervised release term is life). Huerta attempts to distinguish *Crowder* on the ground that the district court here imposed a supervised release term of 15 years at both the original sentencing and upon the first revocation, rather than a term of life as was ordered in *Crowder*. However, he cites no authority to support this distinction, and neither *Crowder* nor the applicable statute, 18 U.S.C. § 3583(h), supports it.

**AFFIRMED.**

2