**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4478**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHN CHARLES THOMPSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00017-RJC-1)

Submitted: January 29, 2020          Decided: February 24, 2020

Before AGEE, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Simon Massie, MASSIE LAW PLLC, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Charles Thompson appeals the district court's order revoking his supervised release and imposing an 18-month term of imprisonment to be followed by 5 years' supervised release. Thompson contends that the court lacked authority to impose a five-year term of supervised release and therefore the sentence imposed is plainly unreasonable. We affirm.

In 2015, Thompson pled guilty to traveling in interstate commerce and knowingly failing to register and update his registration as required by the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C.A. § 20913 (West 2012 & Supp. 2019), *see* 18 U.S.C. § 2250(a) (2018). The district court sentenced Thompson to 27 months' imprisonment, to be followed by a 5-year term of supervised release. In March 2018, the district court revoked Thompson's supervision and sentenced him to time served plus five years of supervised release.

In April 2019, Thompson admitted to additional violations of the terms of his supervision. With respect to a sentence to be imposed upon revocation, Thompson argued that the maximum term of supervised release for his underlying violation was five years and that this had to be reduced by the active prison sentences imposed on prior revocations as well as the instant revocation. The district court disagreed, reasoning that Thompson's sentence was not limited by the aggregate of prior revocation sentences. The court imposed a sentence of 18 months' imprisonment, to be followed by five years of supervised release.

On appeal, Thompson contends that the sentence imposed was unreasonable because it was not authorized by the statute. He asserts that, when determining the length

2

of any supervised release term to impose, the district court must consider the maximum term allowed by the statute and reduce that by the terms of active imprisonment imposed upon any prior revocation, as well as the instant revocation. Thompson relies on 18 U.S.C. § 3583(h) (2018), which provides that the length of a new term of supervised release may "not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id*. Section 3583(h) requires a court, upon a second revocation of supervised release for the same underlying offense, to aggregate any prior terms of imprisonment when the statute provides for a maximum supervised release term of less than life. *United States v. Maxwell*, 285 F.3d 336, 341 (4th Cir. 2002). However, § 3583(h)'s subtraction rule does not apply where a statute authorizes a maximum supervised release term of life. *See United States v. Crowder*, 738 F.3d 1103, 1104-05 (9th Cir. 2013); *United States v. Cassesse*, 685 F.3d 186, 191 (2d Cir. 2012).

Contrary to his assertion, Thompson was subject to a statutory maximum supervised release term of life for the offense of failing to register as required under SORNA. *See* 18 U.S.C. § 3583(k) (2018). Thus, the subtraction or aggregation rule of § 3583(h) does not limit the district court's ability to impose an additional term of supervised release after a second revocation. *See Crowder*, 738 F.3d at 1104-05; *Cassesse*, 685 F.3d at 188-91.

Because the district court was authorized to impose a term of supervised release of up to the maximum allowed by the statute, 18 U.S.C. § 3583(h), (k), we discern no abuse of discretion by the district court in imposing a conclude that the 5-year term of supervised release following the 18-month active sentence. We therefore conclude that Thompson's

3

sentence was not unreasonable, much less "plainly unreasonable." *See United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013); *United States v. Crudup*, 461 F.3d 433, 437 (4th Cir 2006). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*