NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10175 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00118-LEK |
| v. | |
| MATTHEW PRESTON CAULK, | MEMORANDUM* |
| Defendant-Appellant. | |
| UNITED STATES OF AMERICA, | No. 19-10176 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00119-LEK |
| v. | |
| MATTHEW PRESTON CAULK, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted July 8, 2020**
Honolulu, Hawaii

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Matthew Caulk appeals from his sentence[1] for violations of supervised release following two convictions for failure to register as a sex offender.  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

Caulk contends that several of the district court's special conditions are vague, overbroad, and deprive him of more liberty than reasonably necessary, and that the district court improperly calculated the Sentencing Guidelines range in imposing his five-year term of supervised release.  Because Caulk raises these issues for the first time on appeal, plain error review applies.  *See United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017).

1.     The district court plainly erred in imposing the first part of Special Condition 9, which prohibits Caulk from viewing or possessing any visual depiction of "sexually explicit conduct," as defined in 18 U.S.C. § 2256.  Special Condition 9 deprives Caulk of more liberty than is reasonably necessary because, as written, it prohibits Caulk from viewing or possessing "any depiction of actual or simulated adult sexual intercourse, however fleeting or veiled, and regardless of

---

[1]     The district court sentenced Caulk to two concurrent, six-month prison sentences followed by five years of supervised release.

how insignificant it may be to the overall content of" the portrayal. *United States v. Gnirke*, 775 F.3d 1155, 1163 (9th Cir. 2015); *see also* 18 U.S.C. § 3583(d)(2). In light of *Gnirke*, where we vacated a similar condition of supervised release, we hold that the error here was plain and affected Caulk's substantial rights. *See United States v. Barsumyan*, 517 F.3d 1154, 1160–62 (9th Cir. 2008). We therefore vacate the first sentence[2] of Special Condition 9, and remand for the district court to craft a new condition that is consistent with *Gnirke*. *See United States v. Ped*, 943 F.3d 427, 433 (9th Cir. 2019).

Regarding the remaining challenged conditions, Caulk's arguments are without merit. He has not shown that it was obviously erroneous to conclude that each condition is reasonably related to the goals of deterrence, protecting the public, and rehabilitation, and involves no greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d)(1), (2).[3]

---

[2]    The district court did not plainly err in imposing the remainder of Special Condition 9 because Caulk is only prohibited from frequenting places where visual depictions of sexually explicit conduct is the *primary* product for sale, thereby distinguishing itself from the erroneous condition in *Gnirke*. *Gnirke*, 775 F.3d at 1163 (concluding defendant's liberty deprived more than necessary where special condition prohibited defendant from patronizing any place where materials depicting sexually explicit content were available).

[3]    Caulk also argues that the district court "failed to provide a sufficient explanation for the special conditions," which he appears to contend was required for some of the conditions on the basis that they implicate a "particularly significant liberty interest." *See United States v. Wolf Child*, 699 F.3d 1082, 1090

2.     The district court did not plainly err in calculating the Guidelines range for supervised release.  Following revocation of supervised release, a district court may impose a term of supervised release that does not "exceed the term of supervised release authorized by statute for" the underlying offense, "less any term of imprisonment that was imposed upon revocation of supervised release."  18 U.S.C. § 3583(h); *see also* U.S.S.G. § 7B1.3(g)(2).  Here, the underlying offenses were violations of 18 U.S.C. § 2250, failure to register as a sex offender, which have an authorized term of supervised release of a minimum of five years and a maximum of life.  18 U.S.C. § 3583(k); *see also United States v. Crowder*, 738 F.3d 1103, 1104–05 (9th Cir. 2013).  Though Caulk served forty months of imprisonment for past revocations, the district court did not plainly err when it failed to subtract Caulk's prior periods of incarceration because the maximum term was life.  *See Crowder*, 738 F.3d at 1105 (explaining that subtracting a term of imprisonment from a supervised release term of life is an "almost metaphysical

---

(9th Cir. 2012).  Because Caulk's opening brief does not include meaningful discussion or authority in support of the position that the conditions imposed in this case obviously involve this category of liberty interest and that heightened procedures were therefore required before the conditions could be imposed, we deem any such procedural argument forfeited.  *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1129–30 (9th Cir. 2012).

issue and it is highly unlikely that Congress intended to bar lifetime supervised release under the statute" (internal quotation marks and citation omitted)).[4]

**AFFIRMED in part; VACATED in part; REMANDED.**

---

[4] We need not decide whether Caulk's belated ex post facto argument is forfeited, because it fails on the merits. By the time Caulk committed his first underlying offense in 2007, 18 U.S.C. § 3583(k) applied to failure to register offenses. *See United States v. Hanson*, 936 F.3d 876, 883 (9th Cir. 2019).