**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4108**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN ANTHONY GRAHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:15-cr-00007-JPJ-PMS-1)

Submitted:  November 30, 2020                     Decided:  December 16, 2020

Before KING, KEENAN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dana R. Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Anthony Graham appeals the sentence imposed following the third revocation of his supervised release. Based in part on Graham's rapid return to drug use and his participation in a methamphetamine conspiracy for nearly the entirety of his time on supervised release, the district court revoked Graham's federal term of supervised release and sentenced him to 24 months' imprisonment, to be served consecutive to the 84-month sentence imposed on the conspiracy offense, and a 4-year term of supervised release. On appeal, Graham contends that the district court erred by imposing a term of supervised release in excess of the statutory maximum and by imposing a procedurally and substantively unreasonable revocation sentence. We affirm.

District courts have "broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). In light of this discretion, we "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id*. (internal quotation marks omitted). We "first consider whether the sentence imposed is procedurally or substantively unreasonable." *Id*. Only when the sentence is unreasonable will we determine whether the sentence "is plainly so." *Id*. (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing relevant factors). "[A] revocation sentence is substantively reasonable if

2

the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alterations and internal quotation marks omitted). We presume that a sentence within the applicable policy statement range is reasonable. *United States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2018); *see Webb*, 738 F.3d at 641. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). The court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence." *Slappy*, 872 F.3d at 208. An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted).

After review of the record, we conclude that the district court did not impose a term of supervised release in excess of the statutory maximum. Graham had a previous felony

3

drug conviction at the time of his 2012 conviction for conspiring to possess with intent to distribute less than 50 kilograms of marijuana, thereby increasing the statutory penalties to a maximum of 10 years' imprisonment, and, "[n]otwithstanding [§] 3583, . . . a term of supervised release of at least 4 years." 21 U.S.C. § 841(b)(1)(D). We have recognized that § 3583's statutory cap "does not apply to statutes . . . whose own mandatory *minimum* periods of supervised release are the same as, or exceed, the *maximum* periods provided by § 3583." *United States v. Pratt*, 239 F.3d 640, 647 (4th Cir. 2001) (emphasis in original). We have also found that "the absence of a specified maximum simply means that the maximum is life." *United States v. Turner*, 389 F.3d 111, 120 (4th Cir. 2004) (holding that, as matter of statutory construction, absence of statutory maximum in 18 U.S.C. § 2113(e) means life imprisonment is maximum sentence). Thus, Graham's 2012 marijuana conspiracy conviction subjected him to a term of supervised release of at least four years up to a maximum term of life.

Under 18 U.S.C. § 3583(h), the district court, upon a subsequent revocation of supervised release for the same underlying offense, must aggregate any prior terms of imprisonment when the statute provides for a maximum term of supervised release of less than life and subtract that from the maximum supervised release that can be imposed. *United States v. Maxwell*, 285 F.3d 336, 341-42 (4th Cir. 2002). However, § 3583(h)'s subtraction rule does not apply where a statute authorizes a maximum supervised release term of life. *See United States v. Crowder*, 738 F.3d 1103, 1104-05 (9th Cir. 2013) (holding that, "upon revocation of an initial term of supervised release, § 3583(h) does not bar the imposition of a subsequent lifetime term of supervised release, even when accompanied by

4

a term of imprisonment"); *United States v. Cassesse*, 685 F.3d 186, 191 (2d Cir. 2012) (rejecting defendant's argument to reduce his renewed lifetime term of supervised release by length of imprisonment on supervised release violation).

Here, Graham was subject to a statutory maximum supervised release term of life. Thus, the subtraction or aggregation rule of § 3583(h) does not limit the district court's ability to impose an additional term of supervised release after his third revocation. Because the district court was authorized to impose a term of supervised release up to the maximum allowed by the statute of conviction, *see* 18 U.S.C. § 3583(h), and that maximum here was a term of life, *see* 21 U.S.C. § 841(b)(1)(D), we conclude that the four-year term of supervised release following the 24-month active sentence imposed upon the revocation of Graham's supervised release did not exceed the statutory maximum.

Turning to Graham's second claim on appeal, we find that his 24-month custodial sentence was both procedurally and substantively reasonable. The district court properly calculated and considered the applicable policy statement range. The district court stated that it had considered counsel's arguments and offered a sufficient explanation of the relevant § 3553(a) factors, noting specifically the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide adequate deterrence, and the need to protect the public from further crimes by Graham. *See* 18 U.S.C. §§ 3553(a), 3583(e); *see also United States v. Patterson*, 957 F.3d 426, 438-40 (4th Cir. 2020) (noting that "the record must reflect some affirmation that the court considered the arguments in mitigation made by a defendant"). Finally, the court stated a proper basis for its conclusion that Graham should receive the sentence imposed.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*