**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MARCUS XAVIER ARRINGTON, <br><br> Defendant - Appellant. | No. 23-1860 <br><br> D.C. No. 1:10-cr-00023-SOM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted October 7, 2024[**]
Honolulu, Hawaii

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

Marcus Xavier Arrington appeals from the district court's judgment and

challenges the sixty-month term of supervised release imposed upon his third

revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Arrington pleaded guilty to one count of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591. The district court originally sentenced Arrington to 120 months imprisonment followed by sixty months of supervised release. After Arrington served his custodial sentence, the district court revoked his supervised release three times and imposed a term of imprisonment for each revocation, totaling twenty-seven months. In connection with the third revocation, the district court imposed a new sixty-month term of supervised release.

The district court did not err in imposing a sixty-month term of supervised release in connection with Arrington's third revocation.[1] Upon revocation of supervised release, a district court may impose a new term of supervised release that does not "exceed the term of supervised release authorized by statute for" the underlying offense, "less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). The term of supervised release authorized by statute for the underlying offense that resulted in Arrington's original term of supervised release was life. 18 U.S.C. § 3583(k). Thus, the district court could have imposed a new term of supervised release up to life, notwithstanding the twenty-seven months of imprisonment imposed upon

---

[1] The parties disagree about the applicable standard of review, but we would reach the same conclusion under either de novo or plain error review.

Arrington's prior revocations of supervised release. *See United States v. Crowder*, 738 F.3d 1103, 1104–05 (9th Cir. 2013) (holding that "upon revocation of an initial term of supervised release, § 3583(h) does not bar the imposition of a subsequent lifetime term of supervised release, even when accompanied by a term of imprisonment," where a statute authorized a maximum supervised release term of life).

**AFFIRMED.**