**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-4286**

―――――――――

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CHARLES F. WADDELL,

             Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  Gina M. Groh, Chief
District Judge.  (3:13-cr-00032-GMG-JES-1)

―――――――――

Submitted:  March 24, 2015              Decided:  May 22, 2015

―――――――――

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――

Nicholas J. Compton, Assistant Federal Public Defender, Kristen
M. Leddy, Research and Writing Specialist, Martinsburg, West
Virginia, for Appellant.   William J. Ihlenfeld, II, United
States Attorney, Tara Tighe, Assistant United States Attorney,
Wheeling, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles F. Waddell pled guilty, without the benefit of a written plea agreement, to failing to update his sex offender registration, in violation of 18 U.S.C. § 2250(a) (2012). At the Federal Rule of Criminal Procedure 11 hearing, the magistrate judge advised Waddell that he faced a maximum term of supervised release of three years, when in fact he faced a statutory maximum term of life. See 18 U.S.C. § 3583(k) (2012). The magistrate judge also did not advise Waddell of the consequences of violating supervised release. The district court sentenced Waddell to 30 months' imprisonment and 40 years' supervised release.

On appeal, counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging Waddell's conviction and sentence. After conducting our review pursuant to Anders, we sought supplemental briefing to address whether the magistrate judge plainly erred by: (1) inaccurately advising Waddell of the maximum term of supervised release; and (2) failing to explain the consequences of violating supervised release. Although we conclude that the issues raised in the Anders brief are without merit, we find that the magistrate judge committed reversible error at the Rule 11 hearing. Accordingly, we vacate Waddell's conviction and remand for further proceedings.

Because Waddell did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Waddell must demonstrate that (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, a defendant meets his burden of demonstrating that an error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). The correction of such an error lies within our discretion, which we exercise only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson, 133 S. Ct. at 1127 (internal quotation marks and brackets omitted).

The parties agree that the magistrate judge's inaccurate statement regarding the maximum term of supervised release and failure to advise Waddell of the consequences of violating supervised release qualify as plain errors. The parties dispute, however, whether the errors affected Waddell's substantial rights and whether we should exercise our discretion to correct the errors. After reviewing the record, we conclude that there is a reasonable probability that Waddell would not

have pled guilty had the magistrate judge accurately advised him of the statutory maximum term of supervised release and the consequences of violating supervised release. We also exercise our discretion to correct the errors.

We are particularly troubled by the vast disparity between the 3-year term of supervised release Waddell was advised he could receive and the 40-year term the court actually imposed. See United States v. Rivera-Maldonado, 560 F.3d 16, 21 (1st Cir. 2009) (observing that there is a "dramatic difference between a three year period of supervised release and a lifetime of supervised release" and vacating judgment on plain error review). Moreover, there is no evidence that Waddell was otherwise aware, before or during the Rule 11 hearing, of the consequences of violating supervised release or that the court could impose a lifetime term of supervised release. Finally, Waddell expressed displeasure and frustration with government oversight during his allocution, suggesting that Waddell might very well have decided to plead not guilty and take his chances at trial had the magistrate judge advised him that he could be under close supervision for the rest of his life.

We agree with the Government that the fact that Waddell did not move to withdraw his plea or object in any other form when he later discovered that he was misadvised of the maximum term of supervised release at the Rule 11 hearing serves as some

4

evidence that he would have pled guilty even if the magistrate judge had fully complied with Rule 11. See Massenburg, 564 F.3d at 343-44. On balance, however, we conclude that the magistrate judge's errors affected Waddell's substantial rights. We therefore vacate Waddell's conviction and remand the case to the district court so that Waddell may plead with the "ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility."[*] United States v. Thorne, 153 F.3d 130, 133 (4th Cir. 1998) (internal quotation marks omitted).

In accordance with Anders, we have reviewed the record in this case and have found no other meritorious issues. This court requires that counsel inform Waddell in writing of his right to petition the Supreme Court of the United States for further review. If Waddell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

---

[*] Because we vacate Waddell's conviction, we do not address his sentence. We note, however, that after we ordered supplemental briefing in this case, we held, in accordance with a recent clarifying amendment to the Sentencing Guidelines, that "failing to register as a sex offender under [the Sex Offender Registration and Notification Act] is not a 'sex offense' for the purposes of the Guidelines." United States v. Collins, 773 F.3d 25, 32 (4th Cir. 2014); see U.S. Sentencing Guidelines Manual § 5D1.2 cmt. n.1 (2014). Although the amendment did not alter the statutory penalties, the Guidelines recommendation for Waddell's term of supervised release is now five years. Collins, 773 F.3d at 32; see USSG § 5D1.2 cmt. n.6.

representation.  Counsel's motion must state that a copy thereof was served on Waddell.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>