**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4755**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GLENN GOOCH,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:16-cr-00039-MOC-DCK-1)

Submitted: June 30, 2017                    Decided: July 7, 2017

Before GREGORY, Chief Judge, and WILKINSON and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glenn Gooch appeals from the criminal judgment convicting him of receipt of material depicting minors engaged in sexually explicit conduct and possession of child pornography and sentencing him to an 84-month term of imprisonment with a lifetime term of supervised release. On appeal, Gooch argues that the district court plainly erred in accepting his guilty plea because the magistrate judge conducting the Fed. R. Crim. P. 11 hearing did not inform him that the maximum term of supervised release was life. He also argues that the lifetime term of supervised release is substantively unreasonable and that counsel rendered ineffective assistance of counsel in failing to bring a law review article to the court's attention and failing to argue Gooch's criminal history was overrepresented. Finding no reversible error, we affirm.

Because Gooch did not move to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges, to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

2

Gooch primarily relies on an unpublished decision of this court to demonstrate that the magistrate judge's alleged error in not informing him of the maximum term of supervised release affects his substantial rights and that we should exercise our discretion to notice the error. In *United States v. Waddell*, 622 F. App'x 201 (4th Cir. 2015) (No. 14-4286), we held that the magistrate judge's plain errors in improperly informing Waddell of the applicable maximum life term of supervised release and in failing to inform Waddell of the consequences of violating supervised release affected Waddell's substantial rights and that it was necessary to exercise the court's discretion to correct the errors. *Id.* at 203. We conclude that *Waddell* is materially distinguishable from the case at hand.

The record shows that the district court substantially complied with Rule 11. Gooch only challenges the validity of his plea based on the omission of the supervised release maximum term. The court was required to inform Gooch that the maximum term of supervised release was life. *See* Fed. R. Crim. P. 11(b)(1)(H). The omission did not affect Gooch's substantial rights. *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013) (stating that, to demonstrate effect on substantial rights in Rule 11 context, defendant "must show a reasonable probability that, but for the error, he would not have entered the plea" (internal quotation marks omitted)). Neither Gooch nor counsel has contended, on appeal, that this omission affected the decision to plead guilty, and nothing in the record supports such a conclusion. Moreover, the district court ensured that Gooch entered his plea knowingly and voluntarily and that a factual basis supported his plea.

3

*See DeFusco*, 949 F.2d at 116, 119-20. Accordingly, we conclude that there was no reversible error at Gooch's guilty plea hearing.

Next, Gooch contends that his lifetime term of supervised release is substantively unreasonable. We review a sentence's reasonableness under "a deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a) (2012). This court applies a presumption of reasonableness on appeal to a within-Guidelines-range sentence. *United States v. Helton*, 782 F.3d 148, 151 (4th Cir. 2015). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2006).

We conclude that Gooch's supervised release term was substantively reasonable. His term of supervised release fell within the statutory range, 18 U.S.C. § 3583(k) (2012), and the Guidelines range, USSG § 5D1.2(b). In announcing its sentence, the court weighed the relevant § 3553(a) factors and expressly considered Gooch's criminal history, the seriousness of the offense, his history involving child pornography, and his age.

Finally, Gooch asserts that counsel at sentencing was ineffective because he failed to include a law review article in his sentencing memorandum and argue that Gooch's criminal history was overrepresented. The article suggested that the Sentencing Guidelines for child pornography offenses should be amended. To prevail on his ineffective assistance of counsel claims, Gooch "must show that counsel's performance

4

was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1985). This court does not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). In this case, it does not conclusively appear from the record that counsel's failure to include a law review article or argue that the criminal history was overrepresented prejudiced Gooch. Because no conclusive evidence of ineffective assistance of counsel appears on the record, Gooch's ineffective assistance claims should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*