# United States Court of Appeals
## For the First Circuit

No. 17-2088

UNITED STATES OF AMERICA,

Appellee,

v.

JOSHUA HARRISON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch, Kayatta, and Barron,
Circuit Judges.

Lawrence D. Gerzog on brief for appellant.
Renée M. Bunker, Assistant United States Attorney, Appellate Chief, and Halsey B. Frank, United States Attorney, on brief for appellee.

August 10, 2018

**LYNCH**, **Circuit Judge**.  This sentencing appeal follows Joshua Harrison's plea of guilty to possession of child pornography.  Harrison kept on his computer and tablet over 300 child pornography images, many of prepubescent minors, toddlers, and infants.  Harrison's criminal history includes a juvenile adjudication and adult criminal conviction for abuse of, or misconduct with, boys as young as eight years old.

The district court sentenced Harrison to 120 months' imprisonment followed by lifetime supervised release.  The court reasoned that the condition of lifetime supervised release was justified because Harrison posed a "danger to young boys."

On appeal, Harrison asks us to vacate and remand for resentencing.  He argues that the district court inadequately explained why it imposed a condition of lifetime supervised release and that the condition is substantively unreasonable.  He next challenges his 10-year imprisonment sentence as substantively unreasonable.  We disagree and so we affirm.

I.

In August 2015, authorities detected child pornography in an email account they traced to Harrison.  Further inquiry turned up a 2012 report that Harrison had offered to exchange sexual photographs for money with two young boys.  With this, police got a warrant to search Harrison's email account and his residence.

Harrison spoke with police during the search. He denied involvement with child pornography, but said that if his computer contained child pornography it was for him to "self-medicate" so that he did not do anything to a child. The officers seized Harrison's laptop and tablet, which between them held 320 images of child pornography. The probation office said that number, 320, was "a conservative accounting." The images involved prepubescent minors, toddlers, and infants as young as one year old. And some depicted "sadistic or masochistic conduct" including penetration and bondage.

Harrison was charged with one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). He pleaded guilty, with no plea agreement, in December 2016.

We recount the following from the presentence report (PSR) and the sentencing transcript. Harrison, from at least the age of sixteen, "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." In 1998, when Harrison was sixteen, he received a juvenile adjudication for the gross sexual assault of an eight-year-old boy. While in juvenile detention, Harrison collected over 100 disciplinary infractions. Corrections officials deemed him a "treatment resister." At discharge, he was an "untreated sex offender," having completed only two credits of a 120-credit sex offender treatment program.

Clinical reviews conducted during Harrison's juvenile detention revealed a lack of empathy and "total absence of remorse." The reviews found it "highly probabl[e]" that Harrison had more victims. And, importantly, they concluded that Harrison's "risk of sexual re-offense [was] higher than the baseline risk." That conclusion proved prophetic when, soon after his release, Harrison offered to exchange sexual pictures for money with two boys, sending them a picture of his "lower half."

At twenty, Harrison was convicted of visual sexual aggression against a minor. He spent two weeks in Maine state prison, followed by a year of probation. Then, at twenty-nine, Harrison chatted with young boys on Facebook, sending and receiving sexually explicit images. He tried to get one of the boys, aged thirteen years, to meet him in person for a sexual encounter. During these chats, Harrison made sexual statements including "I cant believe im gonna do it with a 13yr old boy." He was not charged for this conduct. Harrison also had past convictions for theft and criminal trespass.

Authorities have identified several of Harrison's victims -- children depicted in the images on his computer and tablet. Between them, they have filed several Victim Impact Statements; one victim has requested restitution of $25,000. The government and Harrison agreed that Harrison should pay $3,000 in restitution to an identified victim.

Harrison was 35 years old at time of sentencing. There, the district court calculated a criminal history category of II and a total offense level of 32,[1] putting Harrison's guideline sentencing range at 135 to 168 months' imprisonment. See U.S.S.G. ch. 5, pt. A (sentencing table). The statutory maximum brought Harrison's guideline term of imprisonment down to 120 months. Defense counsel made no objection to these calculations.[2]

The district court acknowledged Harrison's "tragic history of sexual abuse" as a victim. When Harrison was thirteen, two older men used alcohol, drugs, gifts, money, and pornography to lure, groom, and abuse him and two other young boys. Further, Harrison's mother physically abused him when he was very young. Despite this history of abuse, Harrison has received minimal victim counseling.

The district court also noted Harrison's "host of psychiatric diagnoses." The PSR lists PTSD, borderline bipolar, depression, and anxiety. Because of this, Harrison has received Social Security disability benefits since he was eighteen.

---

[1] The PSR calculated a total offense level of 34. Unlike the PSR, the district court did not apply a two-level enhancement for child pornography distribution under U.S.S.G. § 2G2.2(b)(3)(F). The government had earlier decided not to pursue that enhancement.

[2] Defense counsel did preserve an objection to a two-point enhancement for use of a computer. Harrison raises no objection to that enhancement on appeal, so we do not address it.

At sentencing, defense counsel cited three child pornography possession cases said to be similar to Harrison's. In each case, the defendant received either a 60- or 72-month sentence. In one, United States v. King, No. 1:11-cr-00121-JAW, the district court judge had been the sentencing judge. He found "marked differences between" Harrison's case and King's:

> This is a very different situation than was presented in King. Mr. King did something very violative of his stepdaughter and he invaded her privacy, but there was no real suggestion that he represented an ongoing concern for the court of recidivism, and unfortunately for this defendant [Harrison], I can't say the same thing.

Further, Harrison presented a "very different and individualized history." The "most problematic part" for the district court was Harrison's "very disturbing . . . series of sexual encounters with . . . underage boys," his "prior convictions for two sexual offenses," and his history of "hands-on sexual contact" with boys. This last feature -- Harrison's history of "hands-on contact with minors" -- rendered defense counsel's cases inapposite.

Harrison's experience with the "dark side of the Internet" also troubled the district court. Harrison had not only used the internet to find images of child exploitation, but also had used it to contact and "seduce[]" "young people," which the court found to be "an extremely dangerous thing." The court observed that Harrison's "compulsion" seemed likely, at least in

- 6 -

part, to have come from his "own experience of sexual abuse." But it was a "mystery" for the court how Harrison could then "want to visit that same kind of suffering on other young men." Mindful of his "overriding obligation" to "protect the people in society who cannot protect themselves," the district judge imposed supervised release for life.

The court also noted that Harrison could later ask to revisit this portion of the sentence:

> [I]f you go out [of confinement] for an extended period of time, if you accept treatment, and you demonstrate to the satisfaction of the supervising officer that you really do not bear a risk to children, you can always come and ask me to revisit this. But from what I see now, given the track record here, I want you to be controlled.

The court further sentenced Harrison to 120 months' imprisonment and recommended that Harrison receive sex-offender treatment.

## II.

The parties dispute the applicable standard of review. We need not address this disagreement. Even assuming, favorably to Harrison, that the abuse of discretion standard applies, Harrison has failed to establish any such abuse. Cf. United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015).

## A.

Harrison argues that the district court committed procedural error by failing to explain why it imposed lifetime

supervised release, and then argues that lifetime supervised release is substantively unreasonable.[3]

A sentencing judge satisfies his duty to explain the sentence when he "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). We "'allow a good deal of leeway' in reviewing the adequacy of a district court's explanation." United States v. Ofray-Campos, 534 F.3d 1, 38-39 (1st Cir. 2008) (quoting United States v. Gilman, 478 F.3d 440, 446 (1st Cir. 2007)).

Harrison argues that the district court nonetheless committed procedural error by "fail[ing] to supply a shred of reasoning for imposing the maximum possible sentence." But that argument is simply not credible in light of the record. Our earlier discussion highlights some of the judge's stated reasons. In particular, nearly two-and-a-half hours into the hearing, the district court told Harrison, "given the track record here, I want you to be controlled." The district court noted Harrison's "awful lot of close encounters" with minors and his history of "represent[ing] a danger to young boys." A full review of the sentencing transcript "satisfies us that the judge 'considered the

---

[3]     Harrison has not challenged the conditions associated with his supervised release, only its lifetime term.

parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority.'" Chavez-Meza v. United States, 138 S. Ct. 1959, 1967 (2018) (quoting Rita, 551 U.S. at 356).[4]

Further, Harrison's within-guidelines sentence of lifetime supervised release is substantively reasonable. The fact that a sentence is within the guidelines range "significantly increases the likelihood that the sentence is a reasonable one." Rita, 551 U.S. at 347. This sentence falls within the statutory range, 18 U.S.C. § 3583(k), and the guidelines range, U.S.S.G. § 5D1.2(b)(2), for Harrison's offense. In fact, the United States Sentencing Commission recommends the maximum term of supervised release -- precisely what the district court imposed -- for sex

---

[4] Harrison is subject to a mandatory minimum of five years' supervised release. See 18 U.S.C. § 3583(k). Against this backdrop, he characterizes his lifetime term as an extreme deviation. He cites four cases: United States v. Ortiz-Rodriguez, 789 F.3d 15 (1st Cir. 2015); Ofray-Campos, 534 F.3d at 1; United States v. Zapete-Garcia, 447 F.3d 57 (1st Cir. 2006); and United States v. Smith, 445 F.3d 1 (1st Cir. 2006). In each, we found that inadequately explained variances from the guidelines range were grounds for vacating the sentence. See Ortiz-Rodriguez, 789 F.3d at 18-20; Ofray-Campos, 534 F.3d at 43; Zapete-Garcia, 447 F.3d at 60-61; Smith, 445 F.3d at 6.

These cases do not help Harrison. As both parties acknowledge, the sentence here fell within both the applicable statutory and guidelines ranges. A within-guidelines sentence like Harrison's requires less explanation than an outside-the-range one. United States v. Turbides-Leonardo, 468 F.3d 34, 41 (1st Cir. 2006) (citation omitted). The explanation here passes muster.

offenses like possession of child pornography. See U.S.S.G. § 5D1.2(b)(2) (policy statement).

And lifetime supervised release is amply reasonable given the seriousness of Harrison's offense and the likelihood that he will offend again. We recently affirmed a district court's upward variance from a defendant's sentencing range because "the chances of recidivism [were] extremely high" in light of that defendant's criminal history. See United States v. Benítez-Beltrán, 892 F.3d 462, 470 (1st Cir. 2018). Here, the district court found that Harrison represents an "ongoing concern" of recidivism. The court did not vary upward as in Benítez-Beltrán; it instead applied the guidelines punishment. This sentence is substantively reasonable.

In upholding the sentence in the circumstances of this case, we join several other circuits which have upheld lifetime terms of supervised release in child-pornography cases. See, e.g. United States v. Gooch, 703 F. App'x 159, 160, 161 (4th Cir. 2017) (per curiam) (unpublished) (affirming lifetime supervised release in child-pornography case); United States v. Cubero, 754 F.3d 888, 891, 898 (11th Cir. 2014) (same); United States v. Burnette, 414 F. App'x 795, 796, 801-02 (6th Cir. 2011) (unpublished) (same); United States v. Williams, 636 F.3d 1229, 1231, 1234-35 (9th Cir. 2011) (same).

B.

Harrison next argues that his ten-year sentence of imprisonment is substantively unreasonable. Here, he "must make the difficult showing that the District Court abused its discretion in not imposing a below-guidelines sentence." United States v. Gall, 829 F.3d 64, 75 (1st Cir. 2016).

Harrison cannot make this showing. The judge considered the information in the PSR, what he heard at the sentencing proceedings, the statutory factors, the advisory guideline sentencing range, Harrison's history and characteristics, the nature of his offense, the need to protect the public, and the need to provide restitution to Harrison's victims. These considerations gave the district court a solid foundation for imposing the statutory maximum punishment.

Sentencing represents a "'judgment call' involving an intricate array of factors." United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013) (quoting United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)). The district court weighed those factors, providing a "plausible sentencing rationale and a defensible result." Martin, 520 F.3d at 96. As such, Harrison's sentence is substantively reasonable.

III.

Harrison's sentence and term of supervision stands. Affirmed.