**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 18-1729

UNITED STATES,

Appellee,

v.

JOEL JAHAMAL ROUGEAU,
a/k/a Panther,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Howard, Chief Judge,
Thompson, Circuit Judge,
and Gelpí, Chief District Judge.*

Merritt Schnipper, with whom Schnipper Hennessy PC was on brief, for appellant.
Randall E. Kromm, Assistant United States Attorney, with whom, Andrew E. Lelling, United States Attorney, was on brief, for appellee.

February 9, 2021

---

* Of the United States District Court for the District of Puerto Rico, sitting by designation.

**PER CURIAM**.  Defendant-appellant Joel Rougeau pleaded guilty to his part in the cross-country transportation of a quantity of fentanyl concealed in a truck that he was driving with his girlfriend as his travel companion.  He was sentenced to 135 months' imprisonment, which was the bottom of the applicable guidelines range.  On appeal, Rougeau argues that the unique facts of his case should have resulted in a below-range sentence, and he challenges the sentence imposed by the district court on grounds of procedural and substantive reasonableness.

Soon after the truck that Rougeau was driving was seized by local law enforcement officers in Oklahoma, Rougeau fled to Mexico, where he remained for twenty months.  He reported that the cartel concerned with the shipment took him captive, brutally tortured him, and forced him to commit atrocities, including at least one murder and multiple dismemberments of corpses.  After he was returned to the United States, prison health staff diagnosed him with post-traumatic stress and major depressive disorders.  A psychiatric evaluation confirmed these conditions.

While explaining its choice of sentence, the district court took note of matters for which Rougeau bore responsibility, including the participation of his girlfriend in the offense.  Rougeau objects, arguing that his companion was an equal participant and insisting that nothing supports an attribution of responsibility to him for her involvement.  The record, however,

does contain circumstantial evidence that the companion's participation was contingent on that of Rougeau. The inference that the district court drew from the facts presented was permissible and did not cross the line of procedural reasonableness. See United States v. Marceau, 554 F.3d 24, 32 (1st Cir. 2009) (sentencing court may draw plausible inferences from circumstantial evidence). Even had the court erred in this respect, the claim was not preserved and any possible error was not "clear or obvious." United States v. Gaccione, 977 F.3d 75, 81 (1st Cir. 2020).

Rougeau also argues that the court's reliance on this factual finding worked unfair surprise on him in violation of his right to due process, but he developed this argument for the first time in his reply brief and therefore waived it. See United States v. Tosi, 897 F.3d 12, 15 (1st Cir. 2018). In any case, the government argued at the Rule 11 hearing and in its sentencing memorandum that this was Rougeau's drug trafficking operation, not his girlfriend's.

Rougeau further argues that the district court did not accord his life-altering trauma the significance that it was due and thus imposed a sentence that was unnecessary and gratuitous. He contends that, as a procedural matter, the court did not adequately address his traumatization and its effect on the need for specific deterrence or more generally a 135-month sentence;

and that, as a substantive matter, the sentence was unreasonably long when his trauma was considered alongside the fact that he had only previously engaged in criminal activity as a teenager.

The district court addressed Rougeau's traumatization in a direct and substantial manner, and Rougeau's insistence on even more particularity is baseless. See United States v. Harrison, 899 F.3d 49, 52-53 (1st Cir. 2018). Moreover, the court expressly acknowledged that it must consider the sentencing factors under 18 U.S.C. § 3553(a), and it discussed facts relevant to specific deterrence not long after the parties argued over that factor. That is all that was required. See United States v. Mendoza-Maisonet, 962 F.3d 1, 24 (1st Cir. 2020) (court's reasoning can be inferred from parties' arguments); United States v. Hassan-Saleh-Mohamad, 930 F.3d 1, 7 (1st Cir. 2019) (according weight to court's acknowledgment of § 3553(a) and consideration of facts relevant to sentencing factors).

Substantive reasonableness turns on the totality of circumstances. United States v. Owens, 917 F.3d 26, 41 (1st Cir. 2019). The district court's balancing of the multiple considerations bearing on the sentencing determination in this case, including evidence that Rougeau had previously trafficked significant quantities of drugs during his adult years, was within permitted boundaries.

For the foregoing reasons, the judgment of the district court is **affirmed**.